Spring Term 1839.

*Bradford*, vs *Gillaspie.*

---

## Bradford *vs.* Gillaspie.

[Mr. Lyle for plaintiff: Messrs. Robinson and Johnson for defendant.]

FROM THE CIRCUIT COURT FOR SCOTT COUNTY.

Judge EWING delivered the Opinion of the Court.

ATTACHMENT
*of goods*.

| 8d | 67 |
| 115 | 52 |

*April 24.*

GILLASPIE sued out a *capias* in an action of debt against Bradford, upon which the sheriff made the following return—"not found in my bailiwick."·

At the March term succeeding, on the motion of the attorney for the plaintiff, an order for a judicial attachment was made; and afterwards, an attachment was sued out, upon which the sheriff returned "levied this attachment upon an account book, the property of the defendant." Whereupon, the Court rendered judgment for the plaintiff for his debt, interest and costs; and the defendant has brought the case to this Court.

The only question we will notice, is—was the return upon the attachment sufficient to authorize the judgment?

We think it was not.

The act authorizing a pltf. to sue out an attachment against the estate of a deft. to force an appearance, when a *capias* is returned 'not found'—like other acts authorizing constructive service of process—is to be construed strictly.

The attachment must be levied up on property of the deft. that is legally liable to levy & sale under ex'on.

*an account book is not of that character; but, like a chose in action, is exempt from ex'on. A return on an attachment, of 'levied upon an account book, the property of the deft.' will not authorize a judgment.*

*The appearance of a party in the court of appeals, supersedes the necessity of serving process upon him, when the cause is remanded—tho' it was reversed for want of legal service.*

The statute under which this proceeding was had, (1 *Stat. Law*, 161,) as well as all other statutes authorizing constructive service, should be construed strictly. They are modes of proceeding variant from the common law, under which the most important interests of a citizen may be adjudicated upon, without affording him an opportunity to make defence.

We are satisfied that the goods attached, to authorize a judgment, must be such only as are leviable and vendible under execution. It is a proceeding *quasi in rem*, the object of which is to reach the goods of the debtor, in satisfaction of his debt, which were by the existing laws made liable. But it could not have been within the contemplation of the Legislature, to render those articles liable which were not before liable, or to extend the sphere of liability to other articles of property, not before made subject to execution. Nothing in the language of the statute will authorize such a conclusion, and we do not feel warranted, by construction, to carry it to other articles of property.

A debtor's *chose in action* cannot be sold and transferred under execution. Neither will the law tolerate the seizure and sale of his book of *accounts* which contains the evidence of his claims against others, any more than it will tolerate the seizure and sale of his bonds, notes or title papers. Such seizure and sale would produce a sacrifice and incalculable injury to the debtor, without a corresponding benefit to the creditor.

Judgment reversed, and cause remanded, that further proceedings may be had. But as the defendant has appeared in this Court, no further steps need be taken, upon the return of the cause, to bring him before the Circuit Court.