# WESTERN LIFE INDEMNITY COMPANY OF ILLINOIS v. RUPP.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 50.   Submitted November 5, 1914.—Decided November 30, 1914.

A State may prescribe that a voluntary special appearance in one of its courts, even for the purpose of objecting to the jurisdiction, shall be deemed a general appearance, without violating the due process clause of the Fourteenth Amendment.

In the Federal courts a defendant may appear specially to insist upon the illegality of service, and if overruled does not waive his objections by answering to the merits, *Davidson Marble Co.* v. *Gibson,* 213 U. S. 10, but the States may, as Kentucky has, establish a different rule, and nothing in the Fourteenth Amendment prevents them from so doing.

The due process provision of the Fourteenth Amendment has regard not to matters of form but to substance of right.

While there is a rule in Kentucky that appearance in the appellate court operates as a submission to the jurisdiction so as to dispense with service of process, the rights of the defendant in a case where plaintiff appeals are safeguarded by his right to a cross-appeal on this or any other objection.

While a non-resident, against whom a personal action is instituted in a state court without personal service within the jurisdiction, may ignore the proceeding as wholly ineffective and set up its invalidity when an attempt is made to take his property thereunder, if he wishes to contest the validity of the proceeding in advance in the courts of the State he must enter the courts subject to the rules as to submitting to the jurisdiction.

It is not unreasonable for a State to prescribe such rules of procedure in regard to special appearances in its courts as will prevent a defendant from attempting to obtain a binding adjudication on the merits in his favor through the exercise of the court's jurisdiction, while depriving the plaintiff of the possibility of success by reserving an objection to the jurisdiction of the court.

Where, in a state court, the validity of an act of the legislature of another State is not in question, and the controversy turns merely upon its interpretation or construction, no question arises under the full faith and credit clause of the Federal Constitution.

The Kentucky court, having recognized the existence, validity and relevancy of a statute of Illinois prohibiting an insurance company from issuing a policy of insurance upon a life in which the beneficiary has no insurable interest, but having, in the absence of any decision of the courts of Illinois placing a different construction thereon, construed the statute as not having any extra-territorial effect or any application to business done in Kentucky, there was no refusal to give the Illinois statute the full faith and credit required by the Federal Constitution.

If a party setting up a statute of one State in a court of another State intends to rely upon an authoritative judicial construction of the statute in the State of its origin, it is incumbent upon him to prove it as a matter of fact.

The rule that what is matter of fact in the state court is matter of fact in this court upon review, applies where foreign law is in question in the state court as well as to any other issue of fact.

If the state court has not denied full faith and credit to the statute of another State, this court has not jurisdiction to determine whether the interpretation given to such statute is or is not erroneous.

147 Kentucky, 489, affirmed.

THE facts, which involve the validity of a judgment based on substituted service, and the validity under the Fourteenth Amendment of the practice of the Kentucky courts in regard to special appearances and also ques-

tions arising under the full faith and credit clause of the Federal Constituion, are stated in the opinion.

Mr. *Henry Burnett,* Mr. *Pendleton Beckley,* Mr. *H. W. Batson,* Mr. *Graddy Cary,* Mr. *Thomas J. Graydon* and Mr. *John M. Scott* for plaintiff in error:

A foreign insurance company sued in a state court of Kentucky cannot lawfully be summoned by a substituted service on the State Insurance Commissioner, unless it has been licensed to do business in the State, and has assented to such substituted service. § 631, Ky. Stats.; *Hunter* v. *Mutual Ins. Co.,* 218 U. S. 573; *Mutual Ins. Co.* v. *Phelps,* 190 U. S. 147.

Illegality in the service of process by which jurisdiction is to be obtained, is not waived by the special appearance of the defendant to move that the service be set aside; nor after such motion is denied, by his answering to the merits. Such illegality is considered as waived, only when he, without having insisted upon it, pleads in the first instance to the merits. *Harkness* v. *Hyde,* 98 U. S. 476.

A corporation doing business in a foreign State can exercise in that State only such powers as are granted to it by the laws of the State in which it is organized. Story on Conflict of Laws, 175 (note); 3 Clark & Marshall on Priv. Corp., § 840; 5 Thompson on Corps., 2d Ed., § 6627; *Canada Southern Ry.* v. *Gebhard,* 109 U. S. 527; *Pierce* v. *Crompton,* 13 R. I. 312; *Harris Lumber Co.* v. *Coffin,* 179 Fed. Rep. 257; *Scott* v. *Stockholders Oil Co.,* 142 Fed. Rep. 287; *Bucki Lumber Co.* v. *Atlantic Lumber Co.,* 128 Fed. Rep. 332; *Michigan State Bank* v. *Gardner,* 15 Gray, 362; *Rue* v. *Mo. Pac. Ry.,* 8 S. W. Rep. 533; *Manhattan Life Ins. Co.* v. *Field,* 26 S. W. Rep. 280; *Oregon Railway* v. *Oregonian Ry.,* 130 U. S. 1; *State* v. *Southern Pac. Co.,* 28 So. Rep. 372; *Nathan* v. *Lee,* 52 N. E. Rep. 987; *Thomas* v. *Railroad Co.,* 101 U. S. 71.

The present constitution of the State of Illinois, adopted

in 1870, provides that no corporation shall be created by special laws. Art. 11, § 1; *Chicago Traction Co.* v. *Chicago*, 199 Illinois, 484.

The restrictions placed upon a corporation organized in the State of Illinois follow the corporation into every State in which it attempts to transact business. Section 9, Illinois Assessment Ins. Co. Act, appr'd, June 22, 1893; Story on Conflict of Laws, p. 175 (note); 3 Clark & Marshall, Priv. Corps., § 840; *Pierce* v. *Crompton*, 13 R. I. 312; *State* v. *So. Pacific Co.*, 28 So. Rep. 372.

Assessment life insurance companies alone are prohibited by the statutes of Illinois from issuing policies in favor of a beneficiary who has no insurable interest in the life of the insured. Section 9, *supra;* 1 Cooley's Briefs on Insurance, pp. 245–252; *Bloomington Mutual Assn.* v. *Blue*, 120 Illinois, 121.

The appellant company is not estopped from pleading that the contract of insurance herein was *ultra vires*. *Mutual Ins. Co.* v. *Barker*, 107 Iowa, 143; *National Building Association* v. *Home Savings Bank*, 181 Illinois, 35; *Central Trans. Co.* v. *Pullman Car Co.*, 139 U. S. 24; *Seattle Gas Co.* v. *Citizens Light Co.*, 123 Fed. Rep. 588; *State* v. *Tobacco Co.*, 75 S. W. Rep. 737; *Relph* v. *Rundle*, 103 U. S. 226; *Blitz* v. *Bank of Kentucky*, 21 Ky. Law Rep. 1554; *Murphy* v. *Louisville*, 9 Bush (Ky.), 189; *Jessamine County* v. *Newcomb Buchanan Co.*, 8 Ky. Law Rep. 692; *Bell & Coggeshall* v. *Kentucky Glass Works*, 20 Ky. Law Rep. 1089; *Georgetown Water Co.* v. *Central Thompson-Houston Co.*, 17 Ky. Law Rep. 1270; *Green* v. *Middlesborough Town Co.*, 89 S. W. Rep. 229.

*Mr. J. M. Chilton, Mr. James P. Edwards, Mr. Charles F. Ogden* and *Mr. R. F. Peak* for defendant in error:

The affidavits filed on motion to quash the summons were not made a part of the record by order of court or bill of exceptions. The sufficiency of the summons and

return were questions of fact and the affidavits filed on the motion to quash not having been made a part of the record, there is nothing in the record disclosing that said affidavits were all the evidence heard upon the motion. This being a question of fact cannot be reviewed by the higher courts unless the record should contain all of the evidence heard. *Skidmore* v. *Raymond,* 144 Kentucky, 303; *Runyons* v. *Bruchett,* 135 Kentucky, 18.

The question as to whether the trial court correctly overruled the motion to quash the summons having been raised in the Circuit Court before the first appeal, it is now concluded by that opinion. It is the law of the case. *Rupp* v. *Western Life Co.,* 138 Kentucky, 18; *Western Life Co.* v. *Rupp,* 147 Kentucky, 489; *Stewart* v. *Louis. & Nash. R. R.,* 136 Kentucky, 721; *Wall &c.* v. *Demitt,* 141 Kentucky, 716; *McDowell* v. *C., O. & S. W. R. R.,* 90 Kentucky, 346; 23 Ency. of Law & Proc., p. 1306.

Service on the insurance commissioner is service upon an insurance company, although the company had ceased doing business in the State at the time of the service. *Home Benefit Society* v. *Muehl,* 109 Kentucky, 479; *Kenton Ins. Co.* v. *Osborne,* 21 Ky. Law Rep. 330.

It was the legislative intention in adopting § 631, that an insurance company organized in other States should not come into this State and do business and then leave the policyholder without redress under the Kentucky law and the policyholder had the right to assume that the company had complied with all the laws with respect thereto. *Germania Ins. Co.* v. *Ashby,* 112 Kentucky, 306.

When a corporate citizen of one State goes into another State for the purpose of transacting business it may be required to respond personally to such method of service as the legislature of said State may in its wisdom provide, so long as the method prescribed by the legislature constitutes due process of law. *Schwartz* v. *Christie Grain Co.,* 166 Fed. Rep. 341.

The construction placed on a state statute by the highest judicial tribunal of the State is binding on the Federal courts, if the service obtained in pursuance to the action constitutes due process of law or in other words does not violate the Federal Constitution. *Evans* v. *Willis*, 187 U. S. 271; *Waters-Pierce Oil Co.* v. *Texas*, 177 U. S. 28; *Cross* v. *Allen*, 141 U. S. 528.

The plaintiff in error entered its appearance by its objection to the motion for judgment and motion to assign the action for hearing to April 1, 1908, as also by its motion to remand. *Royal Wheel Co.* v. *Dunbar*, 25 Ky. Law Rep. 747; *Maysville and Big Sandy R. R.* v. *Ball*, 108 Kentucky, 241; 3 Ency. of Law & Proc. 504.

Sections 631 and 657 of the Kentucky Statutes are a proper exercise of the legislative authority of the State. *Home Benefit Society* v. *Muhl*, 22 Ky. Law Rep., 1378; *Germania Ins. Co.* v. *Ashby*, 23 Ky. Law Rep. 1654; *Ætna Ins. Co.* v. *Commonwealth*, 116 Kentucky, 861.

Plaintiff in error having accepted the premium and retained the same until after the death of the insured, it is now estopped from relying upon the plea of *ultra vires*. *Albin Co.* v. *Commonwealth*, 128 Kentucky, 295; *Underwood* v. *Newport Lyceum*, 5 B. Mon. 129; Bigelow on Estoppel, 467; 29 Am. & Eng. Ency., 2d ed., *ultra vires*, p. 50; Greene-Bryce's *Ultra Vires*, pp. 721, 729; *Louisville Warehouse Co.* v. *Stewart*, 24 Ky. Law Rep. 934.

The statutes of a State do not have extraterritorial force; they only regulate the insurance business in that particular State and cannot be relied upon to defeat a policy in another State. *Washington Life Ins. Co.* v. *Glore*, 25 Ky. Law Rep. 1327; *Prudential Life Ins. Co.* v. *Fusco's Admr.*, 145 Kentucky, 379; *Mutual Life Ins. Co.* v. *Cohn*, 179 U. S. 262.

No Federal question is presented in this record. *Davidson* v. *New Orleans*, 96 U. S. 104.

MR. JUSTICE PITNEY delivered the opinion of the court.

In September, 1907, plaintiff in error, an Illinois corporation organized under the general laws of that State applicable to life insurance, issued to one George McCormick, a resident of Louisville, Kentucky, two policies, each insuring his life in the sum of $1,000, for the benefit of his nephew, Clarence Rupp, if living, otherwise for the benefit of the executors of the insured. After the death of the insured, which occurred in the same year, the present action was brought by Rupp against the Company in the Jefferson Circuit Court at Louisville. His petition set forth his relationship to the insured, and beyond this showed no insurable interest. It averred that the policies were issued upon McCormick's application, who also paid the premiums thereon, and this without plaintiff's instance, request or knowledge. The summons was served upon the Insurance Commissioner of the State. Section 631, Kentucky Statutes, 1909, provides: "Before authority is granted to any foreign insurance company to do business in this State, it must file with the Commissioner a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the Commissioner of Insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company; and if process is served upon the Commissioner it shall be his duty to at once send it by mail, addressed to the company at its principal office."

The defendant Company made a special appearance to the action and moved the court to quash the return upon the summons on the ground that it was a corporation organized and existing under the laws of the State of Illinois; that at the time the policies in question were issued it had applied to the Superintendent of Insurance of the State of Kentucky for a license to transact business in that State,

and in case such license was issued to appoint said Superintendent of Insurance its agent for service of process; that the application for license was pending for some time; and that it was during this time that the policies sued on were issued, but that the application for license was afterwards rejected by the insurance department of the State; that the Company never appointed the Superintendent of Insurance its agent for service of process, and never consented that he might be served with or accept such service on the Company's behalf.

The motion was overruled, and the company thereafter filed an answer in which, without waiving its objection to the jurisdiction of the court over it, but reiterating that objection, it set up sundry defenses upon the merits, including an allegation of fraudulent representations in the application pursuant to which the policies were issued, and a denial that the plaintiff had an insurable interest in McCormick's life. To certain paragraphs of this answer plaintiff demurred, and the Circuit Court, upon the ground that this demurrer rendered it proper and necessary to determine the sufficiency of plaintiff's petition, reviewed that pleading, and reached the conclusion that by the law of Kentucky the relationship of uncle and nephew did not constitute an insurable interest, that one who could not take out a policy because of lack of interest could not hold it if assigned to him after its issuance, and that the same rule prevented a person from taking out a policy of insurance upon his own life in favor of another having no insurable interest. Therefore the court sustained the demurrer as against the petition, and, plaintiff having declined to plead further, judgment was rendered in favor of defendant.

Plaintiff appealed to the Court of Appeals, which held (138 Kentucky, 18) that while according to the law of Kentucky one who obtains a policy of insurance upon the life of another must have an insurable interest in that life,

it is otherwise with respect to a policy taken out by a person upon his own life, he paying the premium for the benefit of another having no insurable interest, and that such a policy is not a wagering transaction but is valid. The judgment of the Circuit Court was therefore reversed and the cause remanded for further proceedings. Thereafter defendant filed a "second amended answer" in the Circuit Court, withdrawing by the court's leave "each and every allegation of the original answer and the first amended answer herein," and—"without waiving its plea to the jurisdiction of this court of the person of this defendant in this action"—set up that defendant was a corporation organized and incorporated under an act of the Legislature of the State of Illinois approved June 22, 1893, entitled "An Act to incorporate companies to do the business of life or accident insurance on the assessment plan, and to control such companies of this State and of other States 'doing' business in this State," etc., which contains in § 9 the following: "No corporation doing business of life insurance under this act shall issue a certificate or policy upon . . . . a life in which the beneficiary named has no insurable interest. Any assignment of the policy or certificate to a person having no insurable interest in the insured life shall render such a policy or certificate void." It was further averred that under this act defendant had no power to issue any policy of insurance upon the life of any person in which the beneficiary named had no insurable interest; that the plaintiff Rupp was the nephew of the insured McCormick; that Rupp had no insurable interest by virtue of such relationship or otherwise in the life of the insured, and that the policies sued on were null and void. There was a tender of the amount of the premiums paid and a denial of further liability. The answer invoked the "full faith and credit" clause of the Federal Constitution, averring that to compel defendant to pay the policies

sued on would be a failure upon the part of the State of· Kentucky to give full faith and credit to the act of the Legislature of the State of Illinois.

To this answer plaintiff demurred, and the Circuit Court sustained the demurrer, with leave to amend the answer. Defendant declined to further amend, and elected to rely only upon the answer to which the demurrer had been sustained. Judgment having been thereupon rendered in favor of plaintiff for the amount of the two policies with interest, defendant prosecuted its appeal to the Court of Appeals, and to review the decision of that court affirming the judgment (147 Kentucky, 489), the present writ of error is sued out.

There are two Federal questions. The first is raised by the contention that under the Kentucky statute already quoted a foreign insurance company sued in a state court cannot lawfully be summoned by a substituted service upon the state Insurance Commissioner unless the company has been licensed to do business in the State and has by resolution of its board of directors assented to such substituted service; and that to sustain a judgment rendered in the absence of such service is violative of the "due process" clause of the Fourteenth Amendment. To this contention the Court of Appeals responded thus (147 Kentucky, 489, 490): "It is too late now to raise the question that the process was not properly served. This question should have been presented on the first appeal. On that appeal the case was heard here on the merits, and it is too late after a reversal on the merits to raise any question as to the sufficiency of the process." Citing McDowell v. Chesapeake, Ohio &c. R. R. Co., 90 Kentucky, 346, and Illinois Central R. R. Co. v. Glover, 24 Ky. Law Rep. 1447, 71 S. W. Rep. 630. That it is and long has been the practice of the courts of Kentucky to treat the appearance of a party in the appellate court as a submission to the jurisdiction so as to dispense with the

service of process in the court below, and that this rule
is applied even where a judgment against the defendant
is reversed because of a defect in process, will appear from
an examination of the cases. *Grace* v. *Taylor*, 1 Bibb,
430; *Graves* v. *Hughes*, 4 Bibb, 84; *Wharton* v. *Clay*, 4
Bibb, 167; *Bradford* v. *Gillespie*, 8 Dana, 67, 68; *Salter*
v. *Dunn*, 64 Kentucky (1 Bush), 311, 317; *Chesapeake,
Ohio &c. R. R. Co.* v. *Heath*, 87 Kentucky, 651, 660.

It is contended that where, as here, the first appeal is
prosecuted by plaintiff, the defendant's objection to the
jurisdiction of the trial court over its person is not thereby
waived, because no other question could properly be sub-
mitted to the appellate court except that raised by the
plaintiff's appeal. But by § 755 of the Kentucky Civil
Code "The appellee may obtain a cross-appeal, at any
time before trial, by an entry on the records of the Court
of Appeals." And under this section it is held that "When
either party appeals from a final judgment, his adversary
may have a cross-appeal from that judgment, for the pur-
pose of correcting any errors in the judgment to his preju-
dice or any interlocutory judgment or order which has in-
fluenced or controlled the final judgment to his prejudice."
*Brown* v. *Vancleave*, 86 Kentucky, 381, 386.

The provisions of the Code and the course of previous
decisions fairly sustain the decision of the Court of
Appeals in the present case to the effect that the now
plaintiff in error, by permitting the first judgment to be
reviewed at the instance of the plaintiff in the action
without interposing a cross-appeal to call into question
the decision of the trial court upon the motion to quash
the return upon the process, waived its objection to the
jurisdiction of the court over it, and could not have any
benefit of that objection upon the second appeal.

That a State, without violence to the "due process"
clause of the Fourteenth Amendment, may declare that
one who voluntarily enters one of its courts to contest any

question in an action there pending shall be deemed to have submitted himself to the jurisdiction of the court for all purposes of the action, and may attach consequences of this character even to a special appearance entered for the purpose of objecting that the trial court has not acquired jurisdiction over the person of the defendant, is settled by the decision of this court in *York* v. *Texas*, 137 U. S. 15; followed in *Kauffman* v. *Wootters*, 138 U. S. 285.

It is true that in *Harkness* v. *Hyde*, 98 U. S. 476, on review of the judgment of a territorial court, it was held that the right of the defendant to insist upon an objection to the illegality of the service of process was not waived by the special appearance of his counsel to move the dismissal of the action or the setting aside of the service upon that ground, nor when that motion was overruled by his answering to the merits; and that the objection was available here as a ground for reversal. To the same effect are the decisions on review of judgments and decrees of the Federal courts. *Southern Pacific Co.* v. *Denton*, 146 U. S. 202, 206; *Mexican Central Ry.* v. *Pinkney*, 149 U. S. 194, 209; *Goldey* v. *Morning News*, 156 U. S. 518; *Davis* v. *C., C., C. & St. Louis Ry.*, 217 U. S. 157, 174. And a standing rule of a Federal court, requiring a party appearing specially for any purpose to declare at the same time that if the purpose for which the special appearance was made should not be sanctioned or sustained by the court he would appear generally, was held inconsistent with the laws of the United States and therefore invalid. *Davidson Marble Co.* v. *Gibson*, 213 U. S. 10, 18. But the recognition and enforcement of this right on the part of defendants in the Federal courts is a matter quite apart from the authority of the States to establish a different rule of practice within their jurisdictions, as was expressly recognized in *York* v. *Texas*, 137 U. S. 15, 17, 20; *Southern Pacific Co.* v. *Denton*, 146 U. S.

202, 208; *Mexican Central Ry.* v. *Pinkney*, 149 U. S. 194, 207; *McLaughlin* v. *Hallowell*, 228 U. S. 278, 289.

The Fourteenth Amendment declares that no State shall "deprive any person of life, liberty, or property, without due process of law." This prohibition has regard not to matters of form, but to substance of right. Since its adoption, whatever was the rule before, a non-resident party against whom a personal action is instituted in a state court without service of process upon him may, if he please, ignore the proceeding as wholly ineffective, and set up its invalidity if and when an attempt is made to take his property thereunder, or when he is sued upon it in the same or another jurisdiction. *Pennoyer* v. *Neff*, 95 U. S. 714, 732, 733; *York* v. *Texas*, 137 U. S. 15, 21. But if he desires to raise the question of the validity of the proceeding in the court in which it is instituted, so as to avoid even the semblance of a judgment against him, it is within the power of the State to declare that he shall do this subject to the risk of being obliged to submit to the jurisdiction of the court to hear and determine the merits, if the objection raised to its jurisdiction over his person shall be overruled. This prevents a defendant from doing what plaintiff in error has attempted to do in the present case, that is, to secure, if possible, the benefit of a binding adjudication in its favor upon the merits, through the exercise of the court's jurisdiction, while depriving its adversary of any possibility of success by reserving an objection to the jurisdiction of the court to render any judgment against it. As appears from *Southern Pacific Co.* v. *Denton*, and other cases of the same class above cited, the distribution of original and appellate jurisdiction in the Federal courts is such as to sometimes give an advantage of this kind to defendants; but it is not indispensable to "due process of law."

The second Federal question is raised by the insistence of plaintiff in error that the Kentucky Court of Appeals

failed to give such credit to the Illinois statute as it was required to give under Art. IV, § 1, of the Constitution of the United States, and the Act of Congress passed to carry it into effect (§ 905, Rev. Stat.).

Upon an examination of the record, we are unable to perceive that the Kentucky court failed to accord to the Illinois statute the credit to which it was entitled under the Federal system. The court recognized the existence of the statute and its validity, as pleaded by defendant and as admitted by plaintiff's demurrer. It also recognized the relevancy of the statute to the question in controversy, and either admitted or assumed that it had the effect of limiting the powers of defendant with respect to issuing policies of insurance, so far as the terms of the statute extended. Thereupon it became necessary for the court in the due performance of its judicial function to interpret the meaning of the enactment, in order to determine whether it evidenced the purpose of the law-making body to limit the powers of the corporations with respect to business conducted beyond the confines of the State of its origin. So doing, the court held as follows (147 Kentucky, 490, 491):

"Upon an inspection of the whole act we are satisfied that the section above quoted was not intended by the Legislature of Illinois to have an extra territorial effect. It was only intended to regulate the business done in Illinois. The act is a general one governing this character of business and evidently refers to business done in Illinois. . . . When in a charter of an incorporated company restrictions are imposed as to the kind of business it may do, such limitations upon the power of the company ordinarily follow it wherever it goes, that is, when such a company comes into another State, it has only the powers which its charter confers. But that is not this case. The act in question is a general law regulating insurance companies and was evidently designed as a

regulation of the business in the State of Illinois. It has no application to the business done in Kentucky."

It does not appear that the court's attention was called to any decision by the courts of Illinois placing a different construction, or indeed any construction, upon the section in question. If such decision existed, it was incumbent upon defendant to prove it as matter of fact. We are referred to no authoritative judicial construction of the statute in the State of its origin, nor have we searched for any, for what is matter of fact in the state court is matter of fact in this court upon review; and this applies where foreign law is in question in the state court as well as to any other issue of fact. *Hanley* v. *Donoghue,* 116 U. S. 1, 6; *Chicago & Alton R. R.* v. *Wiggins Ferry Co.,* 119 U. S. 615, 622.

It is earnestly argued that the court erred in its construction of the Illinois statute. We do not pass upon this question, deeming it to be outside of the limits of our jurisdiction; for it is settled that where in a state court the validity of an act of the legislature of another State is not in question, and the controversy turns merely upon its interpretation or construction, no question arises under the "full faith and credit" clause of the Federal Constitution. *Glenn* v. *Garth,* 147 U. S. 360; *Lloyd* v. *Matthews,* 155 U. S. 222, 227; *Banholzer* v. *New York Life Insurance Co.,* 178 U. S. 402, 406; *Allen* v. *Alleghany Co.,* 196 U. S. 458, 464; *Louisville & Nashville R. R.* v. *Melton,* 218 U. S. 36, 51; *Texas & N. O. R. R. Co.* v. *Miller,* 221 U. S. 408, 416.

*Judgment affirmed.*

MR. CHIEF JUSTICE WHITE concurs in the result.