Anne Jacobs, respondent,

*v.*

Philip Jacobs, appellant.

[Argued February term, 1947. Decided April 24th, 1947.]

*Mr. Maurice C. Brigadier,* for the appellant.

*Mr. Isadore Waks,* for the respondent.

The opinion of the court was delivered by

Bodine, J.

This suit was started by a writ of sequestration in order to secure an accounting. The defendant, without first obtaining leave of the court, attempted to appear specially and answer on that basis. The jurisdiction of the court and the validity of the process issued therefrom were not questioned. Thereupon an order was entered that the defendant, not having first obtained the leave of the court to appear specially, must be deemed to have appeared generally and the special appearance was stricken by order of the court. The present appeal is from that order.

Appellant argues that *R. S. 2:29–99–100* has changed the rule previously settled, and in support of his argument relies on our reservation of the question on the appeal from the decree in *Swetland* v. *Swetland, 105 N. J. Eq. 608.* Particularly he notes our opinion in that case reported in *107 N. J. Eq. 504.*

Under the old practice in Chancery an objection to the jurisdiction of the court was made by motion. *Hervey* v. *Hervey, 56 N. J. Eq. 166;* reversed on other grounds, *56 N. J. Eq. 424; Wilson* v. *American Palace Car Co., 65 N. J. Eq. 730; Groel* v. *United Electric Company of New Jersey,*

*68 N. J. Eq. 249; Groel* v. *United Electric Company of New Jersey, 69 N. J. Eq. 397; Puster* v. *Parker Mercantile Co., 70 N. J. Eq. 771.*

By the Chancery Act of 1915, pleas were abolished. But an objection to the jurisdiction may now be taken after leave of court first obtained, and it is the practice not to grant that leave unless the defendant has agreed that should the motion be decided against him that he will file an answer in the cause. *Ewald* v. *Ortynsky, 77 N. J. Eq. 76;* affirmed, *78 N. J. Eq. 527; Romaine* v. *Union Insurance Co., 28 Fed. Rep. 625.*

In the case of *Allman* v. *United Brotherhood of Carpenters, 79 N. J. Eq. 150;* affirmed, *79 N. J. Eq. 641,* Chancellor Walker, then Vice-Chancellor, said: "To make this motion the defendant not being in court by plea, answer or demurrer, would have to appear formally for the purpose. *Groel* v. *United Electric Co., 68 N. J. Eq. 249, 251.* And if the defendant desires to appear specially for the purpose of making the motion to dissolve only and not to have his appearance operate to clothe the court with jurisdiction over him generally in the suit, he must doubtless obtain leave of the court to enter such an appearance. *Dan. Ch. Pr. & Pl. (6th Am. ed.) 453.*"

The precise question was considered by the United States Supreme Court in *Western Life Indemnity Co.* v. *Rupp, 235 U. S. 261.* Mr. Justice Pitney made an exhaustive examination of the question and cites voluminous authority in support of his conclusion.

In spite of our previous reservation of the question we are satisfied that the ruling of the court below in this case was correct and we can discern no intent on the part of the legislature, in the sections of the *Revised Statutes* above mentioned, to alter or change the prevailing practice in the Court of Chancery on the point herein involved.

The decree under appeal will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, WACHENFELD, EASTWOOD, WELLS, DILL, FREUND, McGEE-HAN, McLEAN, JJ. 10.

*For reversal*—HEHER, COLIE, RAFFERTY, JJ. 3.