## SHUMAKER v. RESONER, Sheriff.

District Court, S. D. Indiana, Indianapolis Division.   January 25, 1929.

No. 8982.

It is further charged in the information that the petitioner herein caused the complete text of the pamphlet containing his annual report to be published in a publication known as the "American Issue"; that the Indiana edition of such publication was distributed among various citizens of the state of Indiana; that the petitioner was at that time, and had been for a long time prior thereto, editor of such Indiana edition; that the statements contained in such pamphlet and such publication were intended to intimidate the judges of said court, and through them, the court, and thereby influence and control the decision of such court in all matters pertaining to the liquor laws of the state of Indiana.

Without elaborating further upon the information, it is sufficient to say that it sets forth in detail the statements of the petitioner herein, and charges that such statements are false and contemptuous of the Supreme Court. A verified response was filed to the information, in which this petitioner denied all intent to commit a contempt of such court.

A hearing was had by the Supreme Court of the state of Indiana, and this petitioner was found guilty of contempt, as charged in the information. His punishment was fixed by the court, and he was ordered to pay a fine in the sum of $250 and that he be imprisoned in the Indiana state farm for a period of 60 days.

Afterwards, to wit, on the 19th day of October, 1928, this petitioner was delivered by the sheriff of the Supreme Court to the Indiana state farm. Upon the same day, he was released and set at liberty by the superintendent of the state farm by authority of a pardon issued by Ed Jackson, Governor of Indiana; such pardon being conditioned upon the payment of the fine and costs so assessed by the court. The fine and costs were paid. A motion was filed on the same day, in the original cause in which this petitioner was held guilty of contempt, asking that the court enter an order directing the execution of the judgment, regardless of the pardon issued by the Governor. Such further proceedings were had in the cause that the petitioner was ordered, on the 28th day of December, 1928, to be again delivered to the superintendent of the Indiana state farm, and serve for a period of 60 days, as provided in the judgment of the court.

The sheriff took this petitioner into custody on the 29th day of December, 1928, and on the same day a petition for a writ of habeas corpus was filed in this court. The pe-

Ethan A. Miles and James Bingham, both of Indianapolis, Ind., for petitioner.

Arthur L. Gilliom, former Atty. Gen., James M. Ogden, Atty. Gen., Joseph Hutchinson, Asst. Atty. Gen., and Will H. Thompson and Solon J. Carter, both of Indianapolis, Ind., for respondent.

BALTZELL, District Judge. The petitioner, Edward S. Shumaker, and two others, were charged in a verified amended information, filed as an original action in the Supreme Court of the state of Indiana, on the 13th day of May, 1926, by Arthur L. Gilliom, Attorney General of the state of Indiana, with contempt of said Supreme Court. It appears, from the information, that the petitioner herein was, at the time of the filing of such information, the superintendent and directing head of an association known as the Anti-Saloon League of Indiana, and that he was elected to said position by a board of 53 trustees of said league. On the 19th day of January, 1926, the petitioner herein, as superintendent of said league, caused an annual report to be printed in pamphlet form and distributed throughout the state of Indiana to the members of the league and various other citizens. This report contained certain statements concerning the Supreme Court of the state of Indiana, its judges, and the decisions of such court in respect of the violations of the laws of Indiana concerning intoxicating liquor.

tition alleges that said petitioner is being deprived of his liberty without due process of law, and is being denied the equal protection of the laws, as guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

A writ issued, and the respondent, Resoner, as sheriff, promptly filed a response, in which is set forth in detail each step taken and each order made by the court in the contempt proceeding. A hearing was had by this court and exceptions to the response were filed by the petitioner. The question to be determined by this court is whether or not the writ shall be discharged and the petitioner remanded to the custody of the sheriff.

█ This court will not consider the question of whether or not the proceedings in the Supreme Court of the state of Indiana were regular. Neither will it consider the question of whether or not the alleged acts of the petitioner constituted a contempt of such court. This being a habeas corpus proceeding, this court is not at liberty to review any irregular or erroneous rulings of the trial court, if there were any such irregularities or rulings, in the contempt proceeding, however serious. Frank v. Mangum, Sheriff, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Tinsley v. Anderson, 171 U. S. 101, 18 S. Ct. 805, 43 L. Ed. 91; U. S. ex rel. Kennedy v. Tyler, Sheriff, 269 U. S. 13, 46 S. Ct. 1, 70 L. Ed. 138.

The three questions to be determined by this court may be stated as follows:

First. Did the Supreme Court of Indiana have jurisdiction in the contempt proceeding?

Second. Did the Governor of Indiana have authority to pardon the petitioner herein?

Third. Was the order of the court, commanding that this petitioner be again delivered to the superintendent of the Indiana state farm, entered December 28, 1928, effective, it being more than 60 days after the date of the judgment?

These questions will be considered in their regular order.

█ It is contended on behalf of the petitioner that his acts do not constitute a contempt. It is further contended, however, that, if such acts do constitute a contempt, it is an indirect contempt, and that the Supreme Court of Indiana has no authority to punish such a contempt, and therefore had no jurisdiction in this cause.

The power to determine what are contempts, and to punish the same, is necessarily inherent in the court, and arises by implication from the very act of creating the court. This applies to courts of superior, as well as inferior, jurisdiction. State ex rel. Attorney General v. Circuit Court for Eau Claire County et al., 97 Wis. 1, 72 N. W. 193, 38 L. R. A. 554, 65 Am. St. Rep. 90; In re Rosenberg, 90 Wis. 581, 63 N. W. 1065, 64 N. W. 299; Michaelson et al. v. U. S. ex rel., 266 U. S. 42, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451.

The Supreme Court of Indiana has jurisdiction, under its inherent power, to punish for contempt, and therefore its finding and judgment cannot be disturbed in a habeas corpus proceeding.

█ The Constitution of the state of Indiana gives the Governor power to pardon, after conviction, for all offenses, except treason, and in case of impeachment. Article 5, § 17, Constitution of Indiana. The Supreme Court of Indiana, in the case of State v. Shumaker, 164 N. E. 408 (opinion under date of December 28, 1928, not yet published in the state reports), construed said section 17 of the Constitution and held that contempt of court is not an *offense* within the meaning of that section of the Constitution which grants to the Governor the power to pardon.

This court is not called upon, and has no authority, to examine into the question of whether the construction given by the Supreme Court of Indiana to the word "offenses," as used in said section 17 of the Constitution of Indiana, is correct or not. Federal courts are bound by the construction of the state Constitution by the court of final judicial authority in the state, which, in Indiana, is the Supreme Court. Fairfield v. County of Gallatin, 100 U. S. 47, 25 L. Ed. 544; Missouri, Kansas & Texas Ry. Co. v. McCann, 174 U. S. 580, 19 S. Ct. 755, 43 L. Ed. 1093.

Furthermore, it has been held that a decision of the state Supreme Court, involving the construction of the state Constitution, can raise no question under the due process or equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. Gasquet v. Lapeyre, 242 U. S. 367, 37 S. Ct. 165, 61 L. Ed. 367.

"Without attempting to define exactly in what due process of law consists, it is sufficient to say that, if the Supreme Court of a state has acted in consonance with the constitutional laws of a state and its own procedure, it could only be in very exceptional circumstances that this court would feel justified in saying that there had been a failure of due legal process. We might ourselves have

pursued a different course in this case, but that is not the test." Allen v. Georgia, 166 U. S. 138, 17 S. Ct. 525, 41 L. Ed. 949.

This court is bound by the construction given section 17 by the state Supreme Court, wherein it held that the Governor has no authority to pardon for contempt.

The mere fact that the order of the Supreme Court, directing its sheriff to again deliver this petitioner to the superintendent of the Indiana state farm, was more than 60 days after the date of the judgment, cannot operate to discharge the petitioner. The discharge of this petitioner by the superintendent of the Indiana state farm on the 19th day of October, 1928, was not in accordance with any act or order of the Supreme Court. It will be recalled that the motion of the state of Indiana for execution of the judgment was filed on the same day that the petitioner was delivered to the Indiana state farm and received the pardon. It appears from the record that the court proceeded as rapidly and as orderly as possible after the filing of the motion, giving to this petitioner opportunity to present his side of the controversy.

Exceptions to the response will be, and they are, hereby overruled, and the writ heretofore issued in this cause is discharged. The petitioner is remanded to the custody of the respondent sheriff.