### BONBRIGHT v BILLER

Ohio Appeals, 1st Dist, Hamilton Co

No 5905.   Decided Feb 10, 1941

John H. Thorburn, for appellant.
Fred L. Hoffman, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, reversing a judgment of the Municipal Court of Cincinnati, in favor of the plaintiff.

The Common Pleas Court rendered judgment in favor of the defendant.

Fifth Street, between Walnut and Main Streets, in the city of Cincinnati is some 200 feet wide.  It is popularly known as Government Square, due to the location of the Federal Building upon the north side of the street, which extends east and west.  Main

Street is on the east. Cross-walks extend north and south on Main and Walnut Streets. The city has set apart a space or strip extending from Main to Walnut Streets, a little south of the center line of Fifth Street, as a loading berth for the metropolitan buses operating in the city. This area is divided into sections, permitting each bus to move into its designated berth or section at a slight angle, with a divergence of the front of the bus toward the east or Main Street. Almost the entire length of the space between Walnut and Main Streets is occupied by these buses, which only remain in the loading berth for a short time.

It is apparent that when the City of Cincinnati placed the loading berths for buses in the center of Fifth Street, that they impliedly authorized passengers or prospective passengers of such buses to use reasonable means to go to and from such buses, notwithstanding any other municipal regulation to the contrary. Any other interpretation of such situation, would either isolate the loading berths, or make passengers or prospective passengers law violators. 25 R. C. L. 978. **37 O. Jur. 552.**

No cross-walks are provided from either side of Fifth Street to the loading zone, or from the cross-walks on Main and Walnut Streets to such zone. Passengers and prospective passengers are constantly crossing and going between the south curb of Fifth Street and the loading zone. These are facts of which the Judge of the Municipal Court was bound as such to take judicial notice. **17 O. Jur. 75.** 20 Am. Jur. 130. And of which this Court as well as the Court of Common Pleas must take judicial notice. **Orose v Hodge Drive-It-Yourself Co., 132 Oh St 607, 612.** This is also true as to Municipal ordinances involved. At page 612 of the opinion in the Orose case, the Supreme Court states:

"It would seem to be a cardinal principle that a reviewing court, should, in determining whether prejudicial error has been committed, put itself in a position of the trial court and judicially notice what was properly noticed below. The Supreme Court of the United States takes judicial notice of public acts of a state and also of private state statutes, where the state court does. Bothwell v Buckbee-Mears Co., 275 U. S., 274, 279, 48 S. Ct., 124, 125, 72 L. Ed. 277; Gasquet v LePeyre, 242 U. S. 367, 371, 37 S. Ct. 165, 167, 61 L. Ed., 367; Western Life Indemnity Co. v Rupp, 235 U. S. 261, 275, 35 S. Ct., 37, 41, 59 L. Ed., 220; Hanley v Donoghue, 116 U. S. 1, 6, 6 S. Ct., 242, 29 L. Ed. 535; 15 Ruling Case Law, 1076, §15.

In Hanley v Donoghue, supra, the court say,

'But in this court, exercising an appellate jurisdiction, whatever was matter of law in the court appealed from is matter of law here and whatever was matter of fact in the court appealed from is matter of fact here.' "

It is apparent, therefore, that in order for a prospective passenger of a bus to reach the bus it was necessary for such passenger to enter the street and proceed to the bus either from the cross-walks on Walnut and Main Street or from the curbs of Fifth Street.

The plaintiff, on the 19th of October 1939, at about 6:15 P. M., left the south curb of Fifth Street and started to proceed to a bus directly opposite such point. The path selected was the shortest distance to the bus considering the various methods of approach mentioned before. She had only proceeded a few feet northwardly from the south curb of Fifth Street when she was struck by an automobile backing into the space through which she was attempting to pass to the bus. The situation of the buses, the coming and

going of passengers, the necessity of crossing the open street were all factors obvious to any one using the street. There is evidence that the defendant gave a warning signal before backing, and looked to the rear.

An ordinance of the City of Cincinnati provides:

"It shall be unlawful to back any vehicle upon or within a highway unless such movement can be made without endangering the safety of any persons or property, and unless the operator shall first warn other persons of his intended movement by giving the signal prescribed therefor, in §74-96, and by an appropriate signal with his signalling device."

Sec. 6310-21 GC, provides:

"Before backing, drivers of vehicles shall give ample warning, and while backing vigilence shall be exercised not to injure those behind."

Upon the trial of the case, the judge of the Municipal Court of Cincinnati evidently found that the defendant was guilty of negligence which was the proximate cause of the injuries suffered by the plaintiff, and that she was not guilty of contributory negligence.

An examination of the record causes us to conclude that there was substantial evidence to support the existence of such negligence, and no substantial evidence which would require a reviewing court to find that the plaintiff was guilty of contributory negligence.

These questions involve a decision upon the facts of the case and are questions for the trier of the facts.

Our conclusion is, that the judgment of the Court of Common Pleas must be reversed, and that of the Municipal Court of Cincinnati affirmed.

MATTHEWS, PJ. and HAMILTON, J., concur.