(No. 26353.—

THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Petitioner, *vs.* JAMES F. FARDY, Judge, Respondent.

*Opinion filed Nov. 18, 1941—Rehearing denied January 15, 1942.*

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, James V. Cunningham, and Walter L. McCoy, of counsel,) for petitioner.

Ellis & Westbrooks, (Richard E. Westbrooks, of counsel,) for respondent.

Mr. Justice Wilson delivered the opinion of the court:

The People of the State, on the relation of Thomas J. Courtney, State's attorney of Cook county, filed an original petition for a writ of *mandamus* directing the defendant, James F. Fardy, a judge of the superior court of Cook county and *ex officio* judge of the criminal court of the same county, to expunge from the records of the criminal court an order in a *habeas corpus* proceeding releasing Stanley Sumoski from the house of correction of the city of Chicago. The defendant interposed an answer to the petition and upon these pleadings the cause is submitted.

From the pleadings it appears that on May 29, 1940, two informations, Nos. 1614314 and 1614315, filed in the municipal court of Chicago charged Sumoski with the offense of malicious mischief. In the first cause he was

charged with maliciously destroying property of Edward Jelesinski, of the value of $14; in the second with maliciously destroying property of Agnes Mendlik, of the value of $14. Two days later, on May 31, 1940, Sumoski was arraigned, pleaded not guilty, was tried by the court without a jury, found guilty as charged, and sentenced to one year in the house of correction in the city of Chicago and fined $1 for each offense. The judgment order in each cause recites that the sentence shall run "from and after the delivery of the body of said defendant to the superintendent of said house of correction." In cause No. 1614314, the judgment order concludes: "It is further ordered that this cause run consecutively with case No. 1614315." The conclusion of the judgment order in cause No. 1614315 recites: "It is hereby ordered that the term of imprisonment now here imposed in this case commence at the expiration of said imprisonment in said other case No. 1614314." Sumoski was delivered immediately, on May 31, 1940, to the house of correction. April 28, 1941, he filed a petition for a writ of *habeas corpus* in the criminal court of Cook county alleging that he had fully satisfied both judgments on April 26, 1941, as appeared from a written statement of the superintendent of the house of correction, and, accordingly, was entitled to his discharge for the reason, among others, that the concluding clauses of each of the judgment orders of May 31, 1940, are vague, indefinite, uncertain and void. A letter of the superintendent attached to the *habeas corpus* petition, dated April 18, 1941, recites that Sumoski was received as a prisoner on May 31, 1940, on the commitment orders in causes Nos. 1614314 and 1614315 "for a period of one year and a fine of $1.00 on each commitment, * * * and will be released on the first commitment on April 26th, 1941." The return and answer of the superintendent of the house of correction to Sumoski's petition averred that the municipal court of Chicago, at the time the judgments in causes Nos. 1614314,

and 1614315 were rendered, had jurisdiction of the subject matter, of the person of the relator, and power to enter the judgments, and denied that Sumoski had satisfied the judgment in cause No. 1614315. April 30, 1941, following a hearing upon the petition and return to the writ of *habeas corpus,* the respondent found that Sumoski had fully satisfied the judgments of the municipal court and ordered his release from imprisonment forthwith. Upon the basis of the foregoing facts, the petition charges that Sumoski had served only four days of the sentence in cause No. 1614315 at the time of his discharge on the writ of *habeas corpus* on April 30, 1941; that the respondent was without authority to discharge Sumoski on his *habeas corpus* petition, and that, consequently, the discharge is void.

The decisive question presented for decision is whether the judgments and sentences of the municipal court of Chicago were void. It is now settled that a court has jurisdiction of a *habeas corpus* proceeding only where the original judgment of conviction was void or where something has happened since its rendition to entitle the prisoner to his release. Although the court may have jurisdiction in the first instance to entertain the application for the writ, if it develops on the hearing that the judgment of conviction was not void, the only order which the court has jurisdiction to make is one dismissing the petition. (*People* v. *Prystalski,* 358 Ill. 198; *People* v. *Thompson,* id. 81; *People* v. *Shurtleff,* 355 id. 210; *People* v. *Zimmer,* 252 id. 9.) Where it appears from the petition and the return in a *habeas corpus* proceeding that the court which rendered the judgment of conviction had jurisdiction of the person and the subject matter, and nothing has happened since the rendition of the judgment entitling the prisoner to his release, the court to which the *habeas corpus* petition is addressed should decline, for want of jurisdiction, to discharge the prisoner, and an order of discharge under such circumstances is void. (*People* v. *Thompson, supra;* Peo-

*ple* v. *Green,* 281 Ill. 52.) *Mandamus* is the proper remedy to expunge a void order in a *habeas corpus* proceeding where the court which entered the order did so without jurisdiction. *People* v. *Shurtleff, supra; People* v. *Kelly,* 352 Ill. 567; *People* v. *Green, supra; People* v. *Fisher,* 303 Ill. 430.

In the light of the foregoing principles it is apparent that the order discharging Sumoski from the house of correction was void. Admittedly, the municipal court of Chicago had jurisdiction of the subject matter, namely, the crime of malicious mischief, and of the person of Sumoski in causes Nos. 1614314 and 1614315. Where a court has jurisdiction of the subject matter and of the parties and possesses the power to render the particular judgment, such judgment, even though erroneous, is immune from collateral attack. (*People* v. *Superior Court,* 234 Ill. 186; *Kelly* v. *People,* 115 id. 583.) The propriety of a sentence for one offense to commence at the expiration of the sentence and imprisonment for another offense, when the offenses are of the same nature, is not open to question. (*Fitzpatrick* v. *People,* 98 Ill. 269.) We have recently decided that where a judgment order fails to define clearly the limits of sentences intended to run consecutively, or requires the aid of a court for its construction, the cause should be remanded for the imposition of a proper sentence. (*People* v. *White,* 377 Ill. 251.) The judgments of the municipal court were not void, and it is unnecessary to decide whether the limits of the sentences in the two causes were set forth with sufficient clarity.

The defendant was without authority or jurisdiction to release Sumoski from custody. Accordingly, the writ of *mandamus,* commanding expunction of the void order of April 30, 1941, is awarded.                *Writ awarded.*