(No. 30051.—)

THE PEOPLE *ex rel.* William Buchalter, Relator, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed September 18, 1947.*

WILLIAM BUCHALTER, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM C. WINES, of Chicago, of counsel,) for respondent.

Per CURIAM: William Buchalter, by an original petition for a writ of *habeas corpus* filed in this court against Joseph E. Ragen, Warden of the Illinois State Penitentiary at Joliet, seeks to obtain his discharge from the penitentiary. The writ issued, respondent made a return, and

relator demurred. The cause was submitted on the record thus made.

At the September term, 1933, of the criminal court of Cook county, an indictment was returned charging relator with the crimes of burglary and receiving stolen property. Each of the burglary counts concluded with allegations calculated to charge relator with being an habitual criminal. In addition to the usual burglary allegations it was alleged that an indictment charging relator with larceny of a motor vehicle had been returned at a former term of court; that judgment on a verdict had been entered against relator, finding him guilty of larceny of personal property of the value of $800 and sentencing him to the Illinois State Reformatory. Thereafter, relator was found guilty of burglary as charged in the indictment, judgment was entered on the verdict, and he was sentenced to the penitentiary for the term of his natural life. The sentence was for the maximum term provided for the crime of burglary, in compliance with section 1 of the Habitual Criminal Act. Smith-Hurd Stat. 1933, chap. 38, par. 602.

Relator contends that his sentence is void because the allegations of his prior conviction, contained in the indictment, were not sufficient to charge him with being an habitual criminal. He further claims that larceny of a motor vehicle was not one of the crimes enumerated in section 1 of the Habitual Criminal Act, before the amendment of 1941, and that the court was without jurisdiction to sentence him under that act. The crime charged was that of burglary, which the criminal court of Cook county had jurisdiction to try. It appears from the petition and the return in this proceeding that the criminal court had jurisdiction of the person of relator. There was, therefore, jurisdiction of the subject matter and also of the person. The indictment was not void and its sufficiency cannot be considered in a *habeas corpus* proceeding. (*People ex rel. Ross v. Becker*, 382 Ill. 404.) Where a court

has jurisdiction of the subject matter and of the parties and possesses the power to render the particular judgment, such judgment, even though erroneous, is immune from collateral attack. (*People ex rel. Courtney* v. *Fardy*, 378 Ill. 501.) The criminal court had the power to render the particular judgment entered and its judgment is not void. *People* v. *Corrie*, 387 Ill. 587.

Relator next contends that the court had no jurisdiction to sentence him under the Habitual Criminal Act because his sentence under the prior conviction was to the reformatory instead of the penitentiary. In 1941, section 1 of the act was amended to confine the application of the act to those persons who had been committed to the penitentiary upon conviction of the enumerated crimes. Relator cannot avail himself of this amendment because he was convicted and sentenced under the act as it existed in December of 1933. Prior to the 1941 amendment it was immaterial whether an accused convicted of an enumerated crime was sentenced to a reformatory, or other institution, or to the penitentiary. *People* v. *Perkins*, 395 Ill. 553.

Relator admits in his petition that this court affirmed the judgment of the criminal court of Cook county, upon his application for writ of error, at the March term, 1946. We have held that where this court has reviewed the record in a criminal case in the exercise of its appellate jurisdiction, there is no jurisdiction in any court thereafter to entertain and pass upon a petition for writ of *habeas corpus* upon any error in the record reviewed, whether error assigned thereon or not. *People ex rel. Kerner* v. *Circuit Court*, 354 Ill. 363.

The relator is remanded to the custody of the warden.

*Relator remanded.*