**GEACH v. OLSEN.**

**No. 11005.**

United States Court of Appeals
Seventh Circuit.

March 23, 1954.

Harold P. Block and Edward F. Moye, Chicago, Ill., for appellant.

John Gutknecht, State's Atty., James C. Murray, Asst. State's Atty., Chicago, Ill., Gordon B. Nash, Meyer H. Goldstein, Asst. State's Attys., Chicago, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

Harry Gordon Geach, the plaintiff, filed an action in the District Court against Sidney R. Olsen, as an individual and as the Chief Clerk of the Criminal Court of Cook County, Illinois. The complaint sought damages for the alleged denial by the defendant of the plaintiff's right, asserted to be guaranteed to the plaintiff by the second paragraph of Section 9 of Article 1 of the Constitution of the United States, to file his petition for a writ of habeas corpus in the office of the Clerk of the said Criminal Court.

The plaintiff alleged that he first attempted to file his petition for a writ of habeas corpus in February 1953, and again in March 1953; that, after the defendant's second refusal to file the petition, the plaintiff wrote a letter to the then Chief Justice of the Criminal Court of Cook County protesting the defendant's refusal to permit the filing of the petition; that this letter was referred to the defendant by the Chief Justice "for whatever action the Clerk deemed necessary"; and that, as of August 10, 1953, the defendant had failed to show any reason or authority for refusing to file the plaintiff's petition. The plaintiff alleged, further, that in so refusing to file the petition, the action of the defendant amounted to a deliberate and malicious invasion of the plaintiff's civil rights and deprived the plaintiff of his right to protection under the laws and the Constitu-

tion of the United States. From a judgment dismissing the complaint, on the motion of the defendant, the plaintiff prosecuted this appeal.

■ As pointed out above, the complaint is based on the theory that the right of the plaintiff to file a petition for a writ of habeas corpus in the state court is guaranteed by the second paragraph of Section 9, Article 1 of the Federal Constitution which provides:

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

Contrary to the plaintiff's contention, it has been decided by the Supreme Court of the United States that this provision of the Constitution does not apply to state action, but only to national action, and that the refusal by state authorities to entertain a petition for a writ of habeas corpus, therefore, does not raise a federal question. See Gasquet v. LaPeyre, 242 U.S. 367, 37 S.Ct. 165, 61 L.Ed. 367 and the cases there cited.

■ The plaintiff also contends that the District Court had jurisdiction of the action because the complaint alleged that the defendant deprived the plaintiff of "rights, privileges, or immunities", guaranteed by the Federal Constitution and laws, in violation of 8 U.S.C.A. § 43 (now 42 U.S.C.A. § 1983). But the complaint was still properly dismissed because it failed to state a cause of action on which any relief could be granted. The complaint proper failed to allege facts showing that plaintiff had any valid grounds on which to base a petition for a writ of habeas corpus, but the plaintiff filed, as an exhibit with the complaint, a copy of his "Petition, Brief and Argument," by which he had sought a writ of habeas corpus and which the defendant had refused to file. This paper showed on its face that the plaintiff was not entitled to a writ of habeas corpus.

■ The petition first attacked the plaintiff's conviction on the ground that the burglary for which he was convicted was alleged by the indictment to have occurred on August 12, 1948, while some of the witnesses testified that the burglary had actually occurred a few days later. Such an attack on the indictment may not be made by a petition for a writ of habeas corpus even though it might be proper ground for reversal if presented in a writ of error. As the Supreme Court of Illinois said in People ex rel. Ross v. Becker, 382 Ill. 404, 410, 47 N.E. 2d 475, 478, where a prisoner in a habeas corpus proceeding was attacking the indictment:

"Sufficiency of the indictment for forgery is not open in this proceeding. The circuit court of St. Clair county had jurisdiction of the subject matter and of the person of the relator and its judgment, even if erroneous in form, is immune to collateral attack."

In People ex rel. Buchalter v. Ragen, 397 Ill. 515, 516, 74 N.E.2d 868, the Supreme Court of Illinois again refused to permit an attack on the indictment in a habeas corpus proceeding.

■ The plaintiff in his petition for a writ of habeas corpus also set out what purported to be the verbatim testimony of some of the prosecuting witnesses which indicated discrepancies in the description of the property stolen from the description in the indictment, and also difference of ownership from that described in the indictment. The plaintiff claims that such testimony shows that the witnesses before the grand jury committed perjury and also indicates that some of the witnesses in his trial gave false testimony. However, none of this would affect the jurisdiction of the Criminal Court as to the person or the subject matter and, therefore, it may not be used as a basis for a petition for a writ of habeas corpus. Many decisions of the Illinois courts declare that a petition for a writ of habeas corpus may not be used as a substitute for a writ of error; that it may only be used to attack a judgment of conviction that is void, not merely erroneous. In People ex rel. Courtney v.

Fardy, 378 Ill. 501, at page 504, 39 N.E. 2d 7, at page 8, the court said:

"* * * It is now settled that a court has jurisdiction of a *habeas corpus* proceeding only where the original judgment of conviction was void or where something has happened since its rendition to entitle the prisoner to his release. Although the court may have jurisdiction in the first instance to entertain the application for the writ, if it develops on the hearing that the judgment of conviction was not void, the only order which the court has jurisdiction to make is one dismissing the petition. * * * "

See also People ex rel. Courtney v. Sullivan, 363 Ill. 34, 38, 1 N.E.2d 206; People ex rel. Merrill v. Hazard, 361 Ill. 60, 63, 196 N.E. 827; People ex rel. Courtney v. Prystalski, 358 Ill. 198, 202, 192 N.E. 908.

Another fatal defect in the plaintiff's complaint was the failure to show that the plaintiff was entitled to damages. Even if it be admitted that it was not within the province of the defendant, as Clerk of the Criminal Court of Cook County, to refuse to file plaintiff's petition, we can see no possibility of damage to the plaintiff from such action by the defendant because the petition showed on its face that the plaintiff was not entitled to the relief sought. If the defendant had filed the petition it would have been promptly dismissed by the Criminal Court, People ex rel. Courtney v. Fardy, supra. The result to the plaintiff would have been the same. In neither case could the plaintiff have shown actual damage resulting to him.

But, the plaintiff points out that the complaint asked for punitive or exemplary damages as well as actual damages. The majority of the courts, however, have laid down the rule that such damages may not be awarded where no actual damage is shown. This is on the theory that exemplary damages are only incidents to the cause of action for actual damage. The Illinois courts follow this rule. In Duffy v. Frankenberg, 144 Ill.App. 103, 107, the court held that vindictive or punitive damages cannot be allowed without proof of actual damage.

Finding no error in the action of the District Court in dismissing the plaintiff's complaint, the judgment of the District Court is

Affirmed.