SPRINGDALE (VILLAGE), PLAINTIFF-APPELLEE, *v.* FREEMAN, DEFENDANT-APPELLANT.

Common Pleas Court, Hamilton County.

No. A-192575.   Decided November 29, 1963.

380

*Mr. Eugene Droder*, for defendant-appellant.
*Mr. Paul J. Weber*, for the Village of Springdale.

RENNER, J. This cause comes before this Court on an appeal from the Mayor's Court of the Village of Springdale on questions of law from the final order entered on October 23, 1962, by that Court finding the defendant, Charles Freeman, guilty as charged in the affidavit.

The defendant was charged with participating in a drag race upon Ohio State Route No. 275, a public highway in the Village of Springdale, Hamilton County, Ohio, on September 20, 1962, in violation of Section 24.78 of the Code of Ordinances of the village.

Section 24.78 of the Ordinances of the Village of Springdale reads as follows:

"It shall be unlawful to operate two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other or to operate one or more vehicles over a common selected course wherein timing is made of the participating vehicles involving competitive acceleration or speeds or to render assistance in any manner to such competitive use of vehicles."

No assignment of errors was filed by counsel for defend-

ant. The notice of appeal recites that prejudicial error was committed by the trial court in overruling defendant's motion to quash the affidavit, in overruling the motion for judgment for the defendant at the conclusion of the evidence and also in overruling a motion for a judgment notwithstanding the judgment of the trial court.

Counsel for defendant has advanced no reason for the claimed error of the trial court in overruling the motion to quash the affidavit and I can find none.

The other errors presented are based on the failure of the prosecution to establish the corpus delicti and that Freeman participated in the alleged drag race.

A sergeant of police of Springdale and two patrolmen from neighboring villages were the only witnesses called by the prosecution. The defendant, Freeman, did not take the witness stand and no evidence on his behalf was offered by the defense.

On the early morning of September 20, 1962, by prearrangement, four officers had stationed themselves at three different vantage points in close proximity to Ohio State Route No. 275, in Springdale, prior to the happening of the race. The scene of the alleged offense was along and about Route No. 275 from its interchange with Route No. 4 on the west for a distance of approximately one mile eastwardly to its interchange with Route No. 747.

Sergeant Renaker and Patrolman Nolan were stationed at separate locations near the west end of the above mentioned stretch. Their testimony revealed that two small cars, which were abreast of each other in a stationary position on Route 275, at a given signal took off at a rapid rate of acceleration eastwardly alone Route 275 and disappeared into the darkness about one fourth of a mile from their starting position. The testimony of these two officers further disclosed that the mile long stretch of Route 275 was in Springdale and in identifying himself with the village of Springdale Sergeant Renaker stated that Springdale was in Hamilton County, Ohio. Their testimony also revealed that a number of automobiles estimated as high as fifty were assembled near the starting place.

The testimony of Sergeant Renaker and Patrolman Nolan established, beyond a reasonable doubt, that a drag race oc-

curred on State Route 275, in the Village of Springdale, Hamilton County, Ohio, on September 20, 1962, at approximately 1:15 o'clock, A. M.

The remaining question is whether sufficient evidence was presented to identify the defendant, Freeman, as the driver of one of the vehicles participating in the race or as having rendered assistance to such competitive use of the vehicles.

Freeman was not identified as one of the persons present at or about the interchange with Route 4, either before or during the race. However, other significant facts and circumstances were presented in the trial of the case pertinent to this remaining issue.

Patrolman Walter Lindner testified that he and Patrolman Ed Taylor were parked off Route 747 on the morning in question; that upon hearing the noise of heavy acceleration of automobiles on Interstate 275 he and Officer Taylor drove onto Route 747, headed north, and blocked the two exits of the ramp coming off of Route 275; that within forty-five seconds to a minute after hearing the heavy acceleration they observed three cars coming off Route 275 and onto the ramp. The cars were described by him as a 1962 red Corvette, which he said Freeman was driving, a black Corvette and a two door green Chevrolet.

The size or design of the three cars which were stopped at Route 747 was not revealed by the witnesses, but the use of the motor car and the publicity attached to the various makes and models of automobiles is a matter of common knowledge. This is particularly true of the Corvette, which by its unique design and low slung body styling is generally recognized as a "small" or "smaller car" in contrast with the conventionally designed automobiles.

"Courts take judicial notice of the general rules governing the operation of mechanical powers and recognize the mechanical devices in general use, the nature of the use of a specific device, its efficiency, and the nature and method of its construction. It is essential, however, that these matters be of general notoriety." 21 Ohio Jurisprudence (2d), page 101, Section 96; 20 American Jurisprudence, Evidence, Sections 124, 127 and 129.

At page 328 of the opinion in *Campbell* v. *Automatic Die*

*and Products Company*, 162 Ohio St., 321, 55 Ohio Opinions, 195, the Supreme Court stated:

"It is a matter of common knowledge that there are many different makes of motor car mufflers on the market and in use."

The bill of exceptions in the instant case does not disclose whether the Mayor of Springdale, who presided at the trial, took judicial notice of the styling and size of the Corvette automobiles.

In *Bonbright* v. *Biller*, 67 Ohio App., 421, 21 Ohio Opinions, 353, the Court of Appeals of this county, at page 422, took judicial notice of the fact that no cross-walks were provided from either side of Fifth Street or from Main or Walnut Streets to the berthing zone on Government Square in Cincinnati, Ohio, and that passengers and prospective passengers were constantly moving between the south curb of Fifth Street and the loading zone. The court stated that the trial judge of the Municipal Court of Cincinnati, as such, *was bound* to take judicial notice of such facts.

An examination of the bill of exceptions in the *Bonbright case* reveals that the trial judge in that case, like the mayor of the Village of Springdale in the instant case, made no reference to the lack of cross-walks or constant pedestrian travel across Fifth Street to the loading platform.

The Supreme Court in its opinion at page 612 in *Orose* v. *Hodge Drive-It-Yourself Company,* 132 Ohio St., 607, 9 Ohio Opinions, 10, stated that:

"It would seem to be a cardinal principle that a reviewing court should, in determining whether prejudicial error has been committed, put itself in the position of the trial court and judicially notice what was properly noticed below."

and quoting from the opinion of the Supreme Court of the United States in *Hanley* v. *Donoghue*, 116 U. S., 1:

"But in this court, exercising an appellate jurisdiction, whatever was matter of law in the court appealed from is matter of law here and whatever was matter of fact in the court appealed from is matter of fact here."

State Route 275, within the Village of Springdale, was a part of the controlled access Circle Freeway, modern in design and construction, with a divider strip separating the east and

west bound multiple traffic lanes. There were no entrances or exits along the highway between the interchanges at Routes 4 and 747. These facts were not developed by the testimony of the officers and the mayor of Springdale made no reference to them but the mayor presiding at the trial was bound to have taken notice thereof. *Bonbright* v. *Biller, supra.*

According to Officer Nolan no cars came onto Route 275 when the two small cars pulled into position on the highway and for several minutes there was no other traffic on the road.

The accused had full opportunity to take the witness stand and to offer evidence to explain his presence on the highway under the circumstances existing at the time. He chose to remain silent and he offered no evidence in his defense.

The trial court had the right to consider the defendant's failure to take the witness stand in weighing the evidence presented by the prosecution.

''In determining the probative value of circumstantial evidence from which inferences may be drawn, the trial court has the right to consider the unexplained failure of the accused to take the witness stand.''

''A conviction should not be set aside unless it is manifest to the appellate court that the evidence fails to meet the required standard of probative value.'' *City of Cincinnati* v. *Hyams*, 77 Ohio App., 403, 33 Ohio Opinions, 279, Syl. Pars. 2 and 4.

''The trier of the facts was authorized to consider the failure of the defendant to testify or to make any explanation of the many incriminating facts, conditions and circumstances which he must have regarded as pointing definitely to his guilt of the offense charged.'' *Cleveland* v. *McNea*, 158 Ohio St., 138 at page 142, 48 Ohio Opinions, 68 at page 70.

I cannot conclude that the trial court was manifestly wrong in deciding that the defendant's guilt was established beyond a reasonable doubt.

The judgment of the mayor of the Village of Springdale should therefore be affirmed.