■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLYDE A. GUHR, Appellant.— Appeal from an order of the County Court, Nassau County, denying an application in the nature of a writ of error coram nobis to set aside a judgment of said court convicting appellant, on his plea of guilty, of burglary in the second and third degrees, grand larceny in the first and second degrees, and petit larceny. Order reversed on the law and the facts and matter remitted to the County Court for a hearing and for such other and further proceedings thereon as may be necessary and proper and not inconsistent herewith. In support of his application to vacate the judgment appellant alleged that his plea of guilty had been entered in reliance on promises by the District Attorney, one of which was that if he should plead guilty, he would receive a suspended sentence, and would be permitted to return to

the State of Washington, on probation under the supervision of the authorities of that State, and that when he discovered that such promises would not be kept, his application to withdraw his plea of guilty was arbitrarily denied. He also asserted that at the time of sentence he was denied his right to show cause why judgment should not be pronounced, pursuant to sections 480 and 481 of the Code of Criminal Procedure, and that subsequent to his conviction, he was prevented, by action of the police and prison authorities, from communicating with his attorney or his relatives and friends, and denied his statutory right to take an appeal from the judgment of conviction. Ordinarily we would be inclined to agree with the learned County Judge that on the record presented appellant did not set forth sufficient facts to require a hearing on his claim that he had been induced by false promises by the prosecutor to plead guilty. (Cf. *People* v. *White,* 309 N. Y. 636; *People* v. *Hasenstab,* 283 App. Div. 433; *People* v. *De Maio,* 279 App. Div. 596, affd. 303 N. Y. 939.) No error was committed in denying a hearing with respect to appellant's claim that he had been denied his statutory rights under sections 480 and 481 of the Code of Criminal Procedure (*People* v. *Sullivan,* 3 N Y 2d 196) and it has been held that relief by way of *coram nobis* may not be granted on a defendant's assertion that he was unable, by reason of statutory limits of time, to take an appeal from the judgment sought to be vacated. (Cf. *Hawk* v. *State,* 151 Neb. 717, 738, cert. denied 339 U. S. 923.) We are convinced however, that, if by reason of the action of the law enforcement or prison authorities, appellant has been prevented from complying with the statutory requirements for the taking and perfecting of an appeal from the judgment of conviction, he has been denied a right guaranteed by the equal protection clauses of the Federal Constitution (U. S. Const., 14th Amdt., § 1) and of our own Constitution (N. Y. Const., art. I, § 11) and some method of reviewing the conviction must be afforded him. (Cf. *Dowd* v. *Cook,* 340 U. S. 206; *Cochran* v. *Kansas,* 316 U. S. 255; *Briggs* v. *White,* 32 F. 2d 108; *Beard* v. *Warden,* 211 Md. 658; *People* v. *Kalan,* 2 N Y 2d 278.) Whether such relief may be obtained in this State by resort to habeas corpus need not now be determined. It might well be argued against such an application that relief in such a proceeding is not available by reason of the provisions of section 1231 of our Civil Practice Act. Neither may we extend appellant's time to appeal. (Code Crim. Pro., § 521; cf., however, *Pickersgill* v. *Read,* 7 Hun 636; *Pearson* v. *Lovejoy,* 53 Barb. 407; *Bagley* v. *Jennings,* 58 Hun 56.) We are not inclined at this time to attempt to draw fine distinctions between the relief available by way of habeas corpus, and that which may be afforded on an application in the nature of *coram nobis.* The latter remedy is an emergency measure, born of necessity, to afford a defendant a remedy against injustice when no other avenue of judicial relief is or ever was available to him. (*People* v. *Sullivan,* 3 N Y 2d 196, 200, *supra.*) We are confident that the County Court and the District Attorney will find a way, if appellant can establish his claim that his constitutional rights have been invaded, to afford him adequate relief. We do not suggest, at this time, nor do we determine what form such relief should take. Appellant is at least entitled to a hearing on which the facts may be determined and on which he may establish, if he can, that his right to appeal was denied him. Since a hearing should be held on that issue, we see no reason to deny him the opportunity at the same time to adduce evidence in support of his claim that his plea of guilty had been induced by false promises of the District Attorney. Nolan, P. J., Wenzel, Ughetta and Kleinfeld, JJ., concur; Beldock, J., concurs with the following memorandum: It is my opinion that an application in the nature of a writ of error *coram nobis* is not available to appellant with respect to matters

claimed to have taken place after the rendition of the judgment and sentence (*People* v. *Sullivan,* 3 N Y 2d 196). However, under the unusual circumstances here present, I agree with the conclusion reached by the majority that the appellant is entitled to a hearing to determine all the facts.