THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILBUR HILL, Appellant.

Second Department, December 29, 1959.

*John Carey* for appellant.

*John P. Cohalan, Jr., District Attorney* (*Harold Ashare* of counsel), for respondent.

WENZEL, J. The ground upon which appellant seeks reversal and the granting of relief in this proceeding is that he was mentally incapacitated throughout the period of his trial and sentencing, and also throughout the subsequent limited period allowed by statute for the taking of an appeal from a judgment of conviction (30 days after rendition of judgment [Code Crim. Pro., § 521]). Appellant did not appeal from the judgment of conviction.

Appellant was arrested on October 15, 1949 for the crime of which he stands convicted, murdering his brother by stabbing, and was examined as to his mental condition on November 14, 1949 at a State hospital pursuant to an order of the County Court made in pursuance of section 658 of the Code of Criminal Procedure. The report of the examination showed that appellant, then 24, had been orphaned at the age of about three years, had been raised in various institutions and boarding homes, had been involved in various delinquencies during his childhood, had been given an I.Q. rating of 89 at one time and of 99 at another time at about the age of 12, and had been given a diagnosis of "Psychosis with Psychopathic Personality" in a State hospital at the age of 16 and of "Without Psychosis, Psychopathic Personality" in a public mental institution in Pennsylvania at the age of about 20. However, the report stated that there was no indication that appellant was psychotic at the time of the examination, although he had a psychopathic personality, and it further stated that he was not incapable of understanding the charges or proceedings or incapable of making his defense.

The trial began on January 16, 1950 and ended two days later with a verdict of guilty, and appellant was sentenced on February 1, 1950 to a prison term of from 20 years to life. Upon rendition of the verdict counsel for appellant moved for a re-examination of appellant by a psychiatrist. The court reserved decision and denied the motion at the time of sentencing. In support of the application resulting in the order under review, an affidavit of the court-appointed attorney, who had represented appellant at the trial, was submitted, which states that the affiant had difficulties with appellant in the preparation of the defense and in the trial itself and that at that time the affiant knew that appellant had a history of mental illness, including two commitments to mental institutions, and believed that appellant was psychotic. Appellant's petition states that his indigence prevented him from employing counsel and experts on mental illness.

About a year after the sentencing, the psychiatrist at Sing Sing Prison, where appellant was then serving his sentence, examined appellant and as a result made an affidavit and certificate, both dated March 2, 1951. These papers collectively state that appellant was suffering from a mental attack which had begun six months previously, that the condition was dangerous, that he has schizophrenia, paranoid type, and that he is insane. As a result, appellant was transferred to Dannemora State Hospital, where he remained for four years and eight months. Since then he has been in Dannemora Prison.

In our opinion, the remedy of *coram nobis* is available where the claim is that the applicant was mentally incapacitated at the times of his trial and conviction (see *People* v. *Smyth,* 3 N Y 2d 184; *People* v. *Boehm,* 309 N. Y. 362). However, we are of the further opinion that the assertions in the petition and in the attorney's supporting affidavit that appellant was mentally incapacitated at those times do not constitute a proper basis upon which to require the granting of relief, bearing in mind the discretion lodged in the trial court in determining whether to order a mental examination of a defendant, and the presumption of regularity that attaches to the exercise of discretion as to this (see *People* v. *McElvaine,* 125 N. Y. 596, 604–609, affd. *sub nom. McElvaine* v. *Brush,* 142 U. S. 155; *People* v. *Smyth, supra*).

We also believe that, where the *coram nobis* proceeding is grounded on a claim that the applicant was mentally incapacitated during the time limited by law for the taking of an appeal from a judgment of conviction and that the incapacity prevented him from taking an appeal within that limited time, and where the claim is properly and sufficiently presented in the papers in support of the application, a hearing should be accorded the applicant for the purpose of exploring the propriety of giving him appropriate relief (cf. *People* v. *Guhr,* 5 A D 2d 688). In the *Guhr* case, the defendant claimed that he had been held incommunicado by jail and prison authorities for four and a half months immediately after his sentencing and that this prevented him from taking a timely appeal. We reversed an order denying, without a hearing, his application in the nature of a writ of error *coram nobis* and granted the application to the extent of directing that a hearing be held for the purpose of according the defendant adequate relief if he could establish that his constitutional rights had been invaded.

Our view that relief should be accorded to one who has been deprived of an equal opportunity to appeal because of his mental condition, finds support in legislation which has recognized the need to give appropriate protection to such persons against the operation of other time-limiting statutes, viz., our Legislature has given insane persons extensions of time to commence civil actions (Civ. Prac. Act, §§ 43, 60) and has given the court power to extend their time to serve a notice of intention to sue a municipality (General Municipal Law, § 50-e, subd. 5) and to extend their time to appeal if the attorney for the party who would appeal becomes mentally or physically incapacitated within the time limited for the taking of the

appeal (Civ. Prac. Act, § 99, subd. 3). In other jurisdictions there are statutes which accord an extension of time within which to appeal for persons under a disability (see 4A C. J. S., Appeals & Error, pp. 127–128).

A sufficient factual showing has been made in the papers herein to make applicable the above view that a hearing should be directed as to appellant's mental condition during the period allowed by statute for the taking of an appeal from the judgment of conviction, in view of the fact that the allegation in the petition that appellant was insane "after trial" is undenied, and in view of appellant's history of mental illness and the March 2, 1951 diagnosis of insanity by the Sing Sing Prison psychiatrist with his opinion that that particular siege of insanity began six months previously. Proof that a defendant was insane at a certain time has a bearing on whether he was insane at a prior time, at least if the times are not remote in relation to each other (*People* v. *Esposito*, 287 N. Y. 389, 396; *People* v. *Draper*, 278 App. Div. 298, 303–304, affd. 303 N. Y. 653). The presumption supporting the court's discretionary refusal to allow a re-examination is inapplicable to the post-sentencing period.

The order should be reversed upon the law and the facts, and the application should be granted to the extent of directing that a hearing be held to determine the facts with respect to appellant's mental condition during the time limited by statute for the taking of an appeal from the judgment of conviction, and to determine the relief to which appellant would be entitled, if **any.**

NOLAN, P. J., UGHETTA, HALLINAN and KLEINFELD, JJ., concur.

Order reversed upon the law and the facts, and application granted to the extent of directing that a hearing be held to determine the facts with respect to appellant's mental condition during the time limited by statute for the taking of an appeal from the judgment of conviction, and to determine the relief to which appellant would be entitled, if any.