■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PASQUALE FRAGETTA, Appellant.— Same decision as in case of *People* v. *Fiore* (16 A D 2d 875). (Appeal from judgment of Oneida Extraordinary Special and Trial Term convicting defendant of perjury, second degree.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD R. COE, Appellant.— Order unanimously reversed and proceeding remanded to Oneida County Court for a hearing. Memorandum: In 1948 appellant, following a trial, was convicted of the crime of kidnapping. Immediately after the return of the jury's verdict and on the same day appellant, apparently with the acquiescence of his assigned counsel, pleaded guilty to three additional indictments charging (1) sodomy, (2) burglary, third degree, and grand larceny, and (3) grand larceny, second degree. Thereafter appellant was sentenced to 40 years to life on the kidnapping charge and one sentence of 10 to 20 years and two sentences of 5 to 10 years on the three remaining indictments. Each sentence was directed to be served consecutively for a total of 60 years to life. The petition upon the present application for *coram nobis* relief contains the allegation that following imposition of these sentences assigned counsel told defendant that the former would like to appeal " but that it would be impossible to do so because of lack of funds to pay for transcription of the trial record and for printing of the papers on appeal." This allegation stands undenied in the present record. The County Judge in denying a hearing as to this phase of the proceeding relied upon his prior decision in *People* v. *Roberts* (25 Misc 2d 321). That decision, however, was subsequently reversed by this court (13 A D 2d 719). The principle has been enunciated that if a defendant is prevented from filing a notice of appeal by the wrongful action of prison authorities, relief by *coram nobis* is available. (*People* v. *Hairston,* 10 N Y 2d 92; see, also, *People* v. *Hill,* 8 N Y 2d 935, affg. 9 A D 2d 451; *People* v. *Guhr,* 5 A D 2d 688.) Here it might be found after a hearing that assigned counsel, with presumed knowledge of the law, which provides that upon filing a notice of appeal the trial minutes must be transcribed without cost to the appellant (Code Crim. Pro., § 456) and upon a proper showing of indigency that the appeal may be prosecuted upon a nonprinted record, advised appellant that lack of funds for these purposes prevented an appeal. A hearing is required to determine whether or not appellant was prevented by the acts of his assigned counsel from complying with the statutory requirements for the taking and perfecting of an appeal from the judgments of conviction. (Appeal from order of Oneida County Court denying a motion to vacate a judgment of conviction on June 8, 1948, without a hearing.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.