UNITED STATES of America ex rel. Carl DeFLUMER, Jr., Petitioner,

v.

J. Edwin LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent.

Civ. No. 9263.

United States District Court
N. D. New York.
April 9, 1963.

138

L. Robert Leisner, Buffalo, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen., State of New York, Albany, N. Y., for respondent; Joseph R. Castellani, Asst. Atty. Gen., of counsel.

BRENNAN, Chief Judge.

The above named state court prisoner, through the medium of a petition and notice of motion, seeks the issuance of a writ of habeas corpus to make inquiry into the legality of his present detention. The respondent has submitted an affidavit in opposition to the requested relief and the petitioner has filed his affidavit in reply thereto. Upon the return day of the motion, the petitioner, through counsel, submitted a transcript of the proceedings had in the state court at the time of his plea and sentence. Briefs have been filed and the matter is before the court for decision.

The petition, in the factual background disclosed therein and in the underlying contentions, differs from the deluge of applications submitted by state court prisoners which are launched "on the poorly charted and apparently limitless seas of postconviction review". Smith v. Settle, D.C., 212 F.Supp. 622. Although the decision herein turns upon the question of the exhaustion of state court remedies, brief reference to the facts and contentions will be made as a background for the decision. In referring to such facts and contentions, it is emphasized that this court in no way passes upon the fundamental fairness of the procedure used in the matter of petitioner's detention and interrogation or the constitutional validity of the subsequent actions taken. It is recognized that the documents before the court raise issues of fact as to such procedure which may ultimately require factual determination.

The petitioner is now confined in a state penal institution by reason of his plea of guilty to the crime of murder in the second degree, entered in the County Court of Albany County on June 30, 1947. He was thereafter sentenced on July 7, 1947 to be confined for from twenty years to life and is detained under the resulting commitment. No appeal was taken from the judgment and no application has been made to the state courts for relief.

The above plea and sentence arise out of a well publicized occurrence of March 15, 1947 when the body of a nine year old boy was found hanging from a tree in a wooded area near Albany, New York. In the evening of the same day, the petitioner, who was then fourteen years of age but had reached the age of fifteen at the time of the entry of the plea, was taken from his home in the custody of two detectives and was thereafter questioned as to the above mentioned occurrence. Within a comparatively short time, the petitioner admitted that he was the cause of the victim's death. His statement concerning the occurrence was later reduced to writing and is termed as a "confession" in the submitted documents before the court. Petitioner's indictment for the crime of murder in the first degree followed.

Upon petitioner's arraignment, counsel was assigned. A plea of "not guilty"

was entered. It is evident that a thorough investigation was conducted by assigned counsel. The petitioner at that time may be termed "normal" as to his physical and mental capabilities. He had received a first year high school education and a psychiatric examination indicated an understanding of his act. No contention is made as to any failure on the part of assigned counsel to protect the rights of his client. In fact, the minutes of the entry of the plea and the imposition of sentence disclose that counsel who, by reputation known to this court, was mature, experienced and eminently qualified, had explored all avenues available to him in attempting to formulate a defense in behalf of his client.

The crux of the petition, as contained in the allegations of the complaint, is to the effect that petitioner's confession was coerced and that the resultant plea was induced thereby. There is no allegation of coercion in the sense that term is ordinarily used. There is no claim of brutality or threat. The submitted documents show that the petitioner himself admitted that he had been treated fairly and that the statement obtained was given of his own free will. Assigned counsel's statement at the time of the imposition of sentence, set out below, is indicative of his conclusion that the confession was not the product of coercion or overreaching as those terms were understood and applied at the time. The statement in part is set out below.

"* * * The confession, I must say in due deference to the District Attorney, was not based on any ground that I could attack it; not lacking in voluntary character, nor obtained as a result of holding out the promise or hope of reward, or the mitigation of punishment."

Underlying the allegations of coercion found in the petition is the contention that the conviction here violates the present concept of due process in that a standard of adult responsibility was applied to this then youthful petitioner. Reliance is based upon decisions of the Supreme Court made subsequent to the conviction here which appear to hold that the protection of constitutional safeguards cannot be applied to youthful offenders "by the more exacting standards of maturity". Haley v. Ohio, 332 U.S. 596 at 599, 68 S.Ct. 302 at 304, 92 L.Ed. 224; Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325. Petitioner's assigned counsel was conscious of the problem as shown by his statement at the time of sentence but he apparently felt that the law afforded no avenue of relief at that time. His statement was prophetic of the change in the law made the next year which requires that a child of under the age of 15 years be treated as a delinquent, rather than as a criminal. New York Penal Law, McKinney's Consol.Laws, c. 40, p. 486. In effect, the petitioner appears to raise the non-criminal philosophy which underlies our present day concept of due process or fundamental fairness in the matter of the treatment of those of immature age charged with serious crimes. If such philosophy is to be extended to embrace prior convictions, then it would seem that the state should be afforded the opportunity to determine its own approach to the problem. See People v. Oliver, 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197.

The petitioner urges that there is no available remedy afforded by the State of New York whereby his contention can be considered and decided. This court is not convinced that such is a fact. Inherent power lies in the state courts to set aside judgments based upon the deprivation of due process. Matter of Lyons v. Goldstein, 290 N.Y. 19, 47 N.E.2d 425; Matter of Morhous v. Supreme Court, 293 N.Y. 131, 56 N.E.2d 79. The limits of coram nobis in the state courts remain undefined and are apparently undefinable. The proceeding has been described as an emergency measure borne of necessity to afford a defendant a remedy against injustice where no avenue of judicial relief is or ever was available to him. People v. Sullivan, 3 N.Y.2d 196 at 200, 165 N.Y.S.2d 6, 144 N.E.2d 6.

The State of New York is notorious in its liberality in affording opportunity for the correction of a manifest injustice. If the courts of the state are closed to this petitioner, it is because he failed to present the question of coercion to the trial court and to appeal from any adverse decision. The situation here is not like that in People v. Noia, 3 N.Y.2d 596, 170 N.Y.S.2d 799, 148 N.E.2d 139 where failure to appeal from the judgment of conviction was held to be a bar to any question which could have been raised therein. It cannot be assumed that this fourteen year old defendant waived a violation of his constitutional rights nor can he be charged with any failure to overrule the decision of his experienced counsel which was prompted by his understanding of the decisions then available to him. The following quotation, taken from People v. Guhr, 5 A.D.2d 688, 169 N.Y.S.2d 256, would seem to be appropriate. "We are confident that the County Court and the District Attorney will find a way, if appellant can establish his claim that his constitutional rights have been invaded, to afford him adequate relief". Relief has been afforded in the state courts to defendants who have failed to take an appeal by reason of specific circumstances. People v. Hairstrom, 10 N.Y.2d 92, 217 N.Y.S.2d 77, 176 N.E.2d 90. People v. Hill, 9 A.D.2d 451, 195 N.Y.S.2d 295.

■ The above decisions are not direct authorities that this petitioner has at this time an available remedy in the state courts and this court has found none. The recent decision of the Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, has not yet been interpreted and applied. It may not, however, be assumed that the expanded concept of due process and the power of the federal courts to afford corrective process to claimed violations thereof, as indicated in the above decision, will remain unrecognized and unimplemented by New York courts. The obligation to afford due process rests equally upon both federal and state courts. New York's liberality in affording post-conviction remedies indicates that a remedy is or will be made available where a proper showing is made that a plea of guilty, entered in its courts, is tainted by a preceding coerced confession. Here we have allegations of an unconstitutional restraint which are sufficient to afford federal jurisdiction. If this court has jurisdiction, it would seem that the state court should also assume it. We find in Fay v. Noia, supra, that "State procedural rules plainly must yield to this overriding federal policy". If state court remedies are to be denied, it must be upon the bases of a waiver of trial and appeal upon the advice or choice of counsel for this fourteen year old petitioner but again the decision in Noia states "A choice made by counsel not participated in by the petitioner will not automatically bar relief". We further find in the same decision the following pertinent quotation. "But a forfeiture of remedies does not legitimize the unconstitutional conduct by which his conviction was procured".

The reluctance of the federal courts to interfere in state court criminal matters has seemingly been reduced in recent years but the principle still remains. This court is unwilling to conclude that petitioner will be turned away from New York courts without the consideration which would equal that which may be afforded him here. The Noia decision also quotes from Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761. " * * * it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * * ".

■ The application will be denied because of the lack of a sufficient showing that state court remedies have been exhausted, and it is

So ordered.