**DeWitt HARVEY, Petitioner,**

v.

**The STATE OF SOUTH CAROLINA, Mr. W. D. Leeke, Director, South Carolina Department of Corrections, Columbia, S. C., et al., Respondents.**

**William DUCK, Petitioner,**

v.

**The STATE OF SOUTH CAROLINA, Mr. W. D. Leeke, Director, South Carolina Department of Corrections, Columbia, S. C., et al., Respondents.**

**Civ. A. Nos. 70–90, 70–91.**

United States District Court,
D. South Carolina,
Columbia Division.

March 12, 1970.

DeWitt Harvey and William Duck, pro se.

Emmet Clair, Asst. State's Atty. Gen., for State of South Carolina, Columbia, S. C., for respondents.

## ORDER

HEMPHILL, District Judge.

Petitioners seek to avoid exhaustion of state remedies as required by 28 U.S.C. § 2254[1] by an attack on the South Carolina "Post Conviction Relief Act"[2] as unconstitutional. Each and both admit they have not pursued post-conviction remedies at a state level and have filed for relief in this forum. They insist that the South Carolina procedure denies them those privileges assured by habeas corpus proceedings. They are misinformed and in error.

This court is reminded that post-conviction remedies, such as habeas corpus, coram nobis (where applied to judgments in criminal cases) and post-conviction procedure (relief) acts, are collateral remedies, independent of the legal proceeding under which detention is sought to be justified.[3] No one of them takes place of an appeal.

The prerogatives of the detained to seek a writ of habas corpus or a writ of coram nobis, are of ancient conception. The origin of the writ of habeas corpus is lost in antiquity[4], as is the writ of coram nobis.[5] The Great Writ is directed to the person detaining another, commanding him to produce the body of the prisoner at a designated time and place, and to there and thereafter do and receive what the court shall consider. It is renowned as a precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired. Bowen v. Johnson, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Coram nobis is more in the nature of a formal review to bring "before us ourselves."[6] Originally conceived as a writ of error directed to another branch of the same court to provide relief from an unconscionable judgment or void sentence.[7] It has been said it was a measure born of necessity to afford accused a remedy against injustice where no other avenue of judicial relief is, or ever was available.[8] Both remedies spring from the common law.[9]

1. 28 U.S.C. § 2254(c) provides: An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

2. In 1969 South Carolina adopted as part of Title 17 (Criminal Procedure) of the South Carolina Code, Chapter 11, designated as the Uniform Post-Conviction Act, cited as §§ 17–601 to 17–612, S.C.Code 1962 Anno.

3. Ex parte Klugh, 132 S.C. 199, 128 S.E. 882.

4. Ex parte Billings, 46 F.Supp. 663, (D.C. Kan.), aff. Billings v. Truesdell, 135 F.2d 505 (10th Cir.) rev. 321 U.S. 542, 64 S.

Ct. 737, 88 L.Ed. 917, 39 C.J.S. Habeas Corpus, § 1, p. 426.

5. Tweed v. Lockton, 5 W.W.Harr. 474, 167 A. 703, 705.

6. Black's Law Dictionary.

7. Berg v. United States, 176 F.2d 122 (9 Cir.) cert. den. 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537.

8. People v. Guhr, 5 A.D.2d 688, 169 N.Y.S. 2d 256.

9. The Great Writ of Habeas Corpus has been for centuries esteemed the best and only sufficient defense of personal freedom * * * It was brought to America by the colonists, and claimed as among the

Petitioners claim constitutional protection under the umbrella of Article I, Section 9, Clause 2 of the United States Constitution:

> The privilege of the writ of habeas corpus shall not be suspended, unless when in Cases of Rebellion or Invasion or the Public Safety may require it.

Petitioners insist the South Carolina statutes suspend the efficacy of the privilege of habeas corpus or make its use more difficult. In the glare of this attack the court must carefully consider and construe liberally in light of the history and benign purposes of the Great Writ. St. Clair v. Hiatt, 83 F.Supp. 585 (D.C.Ga.1949), aff'd 177 F.2d 374 (5th Cir.), cert. den. 339 U.S. 967, 70 S.Ct. 983, 94 L.Ed. 1375.

Initially, the United States Supreme Court has ruled: "Section 9 of article I of the United States Constitution], as has long been settled, is not restrictive of state, but only of national action." Gasquet v. Lapeyre (1917) 242 U.S. 367, 37 S.Ct. 165, 61 L.Ed. 367.[10]

■ This court, however, does not rest its judgment on the erroneous effort to inject a federal question where none exists. The South Carolina Act affords all the protections contemplated by our founding fathers. It is designed to afford post-conviction relief of a scope sufficiently broad to comply with the mandates and holdings of the United States Supreme Court relating to federal review of state convictions. See Curran v. State of Delaware, 10 Terry 587, 122 A.2d 126, cert. den. 352 U.S. 913, 77 S.Ct. 151, 1 L.Ed.2d 120. There is no basis here for

a holding that South Carolina thus deprives a convict of constitutional rights. Rather he is provided a forum and procedure for speedy and easy application and early decision. The statutes are designed for the benefit of the convicted, defined for his ease in obtaining review at a state level and thus complying with 28 U.S.C. § 2254.

■ South Carolina's Post-Conviction Relief Act provides relief similar to that envisioned by Congress (for those convicted in federal courts) in 28 U.S.C. § 2255. The fact that the South Carolina Legislature enacted a post-conviction statute did not suspend the right of habeas corpus by substituting the post-conviction relief statutes (procedure) as the only remedy available to a state prisoner. See Kinnell v. Crouse, 384 F.2d 811 (10th Cir. 1967), cert. den. 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 98; United States ex rel. Dopkowski v. Randolph (7th Cir. 1958), 262 F.2d 10, cert. den. 359 U.S. 1004, 79 S.Ct. 1143, 3 L.Ed.2d 1032; Smith v. State of Kansas, 356 F.2d 654 (10th Cir. 1966).

■ This court holds that the petition filed here is premature, because petitioners have not exhausted their individual remedies under South Carolina's Post-Conviction Act.[11] Neither petitioner has standing here. United States District Judge Donald S. Russell has so ruled previously. The effort of petitioners to circumvent the previous ruling is futile.

Petitions of each and both are denied. No federal question exists.

The Petitions are dismissed.

And it is so ordered.

---

immemorial rights descended to them from their ancestors. Ex parte Yerger, 8 Wall. (75 U.S.) 85, 95, 19 L.Ed. 332.

10. See Geach v. Olsen, 211 F.2d 682 (7th Cir. 1954). This clause providing that privilege of writ of habeas corpus shall not be suspended, except in certain instances, does not apply to state action, and therefore a refusal by state authorities to entertain a petition for a writ of habeas corpus does not raise a federal question.

11. United States ex rel. Stevens v. Ragen (7th Cir. 1957) 244 F.2d 420, cert. den. 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 55; Applications of Ortega (D.C.Ill.1957), 158 F.Supp. 946; United States ex rel. v. De Frates v. Ragen (7th Cir. 1950) 181 F.2d 1001. See also Plater v. Warden, Md. House of Correction (4th Cir. 1958) 261 F.2d 445.