## 20961

**Larry FINKLEA, Appellant, v. STATE of South Carolina and South Carolina State Highway Department, Respondents.**

(255 S. E. (2d) 447)

*Richard H. Warder,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Emmet H. Clair* and *Staff Atty. Betty J. Willoughby,* Columbia, *for respondents.*

May 21, 1979.

RHODES, Justice:

This is an appeal from a dismissal of appellant's application for post-conviction relief. We affirm.

Appellant received two traffic summonses for speeding and alleges that he requested a jury trial before the magistrate. He further alleges that he was not apprised of a trial date but, nevertheless, was found guilty on both charges in his absence. As a consequence, his driver's license was sus-

pended for the accumulation of more than twelve points on his driving record. He has attacked these traffic offense adjudications on the ground of lack of notification as to the date of his trial.

Appellant initiated this proceeding under the South Carolina Post-Conviction Procedure Act, § 17-27-20 *et seq.,* S. C. Code of Laws (1976). The substance of § 17-27-20 is identical to the Uniform Act under which the Commissioners drafting that Act noted:

The aim of this section is to bring together and consolidate into one simple statute all the remedies . . . which are at present available for challenging the validity of a *sentence of imprisonment.* (Emphasis added.) 11 U. L. A., Post-Conviction Procedure Act, § 1, p. 486.

Appellant's convictions and resultant license suspension are not within the purview of the Act. There is a clear distinction between the termination of a driver's license arising out of a series of traffic violations and the loss of liberty or imprisonment, or threat thereof, envisioned by the Post-Conviction Procedure Act. As was stated in *Parker v. State Highway Department,* 224 S. C. 263, 78 S. E. (2d) 382, 385 (1953) :

The suspension follows as a consequence and effect of committing the offense. It is a forfeiture of the privilege to drive, due to the failure of the licensee to observe certain conditions under which the license was issued. The suspension constitutes no part of the punishment fixed by the court, nor is it and added punishment for the offense committed. It is civil and not criminal in its nature. (Citations omitted.)

Our Post-Conviction Procedure Act is designed to incorporate all rights available under federal *habeas corpus. Harvey v. South Carolina,* 310 F. Supp. 83 (D. C. S. C. 1970), 11 U. L. A., *supra* at 477. Appellant does not allege that he is presently under a threat of detention or imprisonment which is required for *habeas corpus*

relief, *Berry v. Cincinnati,* 414 U. S. 29, 94 S. Ct. 193, 38 L. Ed. (2d) 187 (1973); he alleges only that he has lost his license to drive which has been held insufficient to invoke federal *habeas corpus* jurisdiction. *Linkous v. Jordan,* 401 F. Supp. 1175 (W. D. Va. 1975).

For the foregoing reasons, we conclude, under the facts of this case, that the appellant has no standing to assert a claim for relief under our Post-Conviction Procedure Act.

Appeal dismissed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.