## 21436

Charles T. McDUFFIE, Appellant, v. STATE of South Carolina, Respondent.

(277 S. E. (2d) 595)

*Chief Atty. John L. Sweeny of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondent.*

April 22, 1981.

NESS, Justice:

Appellant Charles T. McDuffie appeals from an order granting summary judgment to the State and dismissing his application for post conviction relief because he lacked standing. We reverse.

McDuffie was convicted of assault and battery of a high and aggravated nature in South Carolina in 1966. It is uncontradicted that he served the sentence and has been unconditionally released. He is currently serving a prison sentence in North Carolina on an unrelated charge. McDuffie alleged

in his application for relief that the 1966 South Carolina conviction is being used to adversely affect his current sentence in North Carolina, to wit, (1) enhance his sentence; (2) reduce prison privileges; and/or (3) reduce his possibility of parole.

McDuffie asserts the trial court erred in granting the State summary judgment and dismissing his application for post conviction relief because he lacked standing. We agree.

The trial court, relying on *Finklea v. State*, 273 S. C. 157, 255 S. E. (2d) 447 (1979), held McDuffie lacked standing under the Post Conviction Procedure Act, S. C. Code § 17-27-10 et seq. (1976), because he was not incarcerated at this time as a result of his 1966 South Carolina conviction. The trial court's reliance on *Finklea* is misplaced because McDuffie does not allege in his application that he is incarcerated because of his 1966 conviction. Rather, he asserts he still suffers from the results of it.

In *United States v. Morgan*, 346 U. S. 502, 512-513, 74 S. Ct. 247, 253, 98 L. Ed. 248 (1954), the United States Supreme Court held:

"Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid." (Footnotes omitted).

In *United States v. Gernie*, 228 F. Supp. 329, 332 (D. C. S. D. N. Y. 1964), the court quoting from *Morgan, supra,* held:

"[T]he case is not considered moot merely because sentence has been completed, and the court has power to vacate and set aside an illegal conviction and sentence if the proceedings are well-grounded."

We hold where an applicant for post conviction relief alleges in his application that the results of his prior conviction still persist, even though the sentence has been fully served, he is entitled to an evidentiary hearing to determine whether or not he has been prejudiced.

The order of the trial court dismissing McDuffie's application is reversed and the case is remanded for an evidentiary hearing on the issue of whether he is prejudiced by his 1966 South Carolina conviction.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ. concur.