24412

Irving D. JONES, Petitioner v. STATE of South Carolina, Respondent.
(470 S.E. (2d) 110)

Supreme Court

*Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, Columbia, for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby and Assistant Attorney General Matthew M. McGuire, all of Columbia, for respondent.*

Submitted Feb. 21, 1996.

Decided Apr. 22, 1996.

MOORE, Justice:

We reverse the postconviction relief (PCR) judge's order dismissing petitioner's application on the ground he lacked standing.

## FACTS

Petitioner was convicted of possession with intent to distribute heroin and sentenced to fifteen years. Petitioner filed for PCR on November 30, 1992. However, he was released

from prison prior to the PCR hearing which was held on May 12, 1994. The State moved to dismiss the case on the ground petitioner had been released from custody and therefore lacked standing.

## ISSUE
Did the PCR judge err in dismissing petitioner's application for PCR?

## DISCUSSION
Petitioner is on parole from a Georgia conviction for robbery and murder. His South Carolina conviction may adversely affect him by causing his parole to be revoked. The Georgia Board of Parole has been waiting for the outcome of this case before acting on his parole revocation. The PCR judge dismissed petitioner's application without prejudice stating petitioner would have standing when and if Georgia revokes his parole.

A petitioner has standing to petition for PCR if he is in custody or the results of his prior conviction still persist. *Finklea v. State*, 273 S.C. 157, 255 S.E. (2d) 447 (1979); *McDuffie v. State*, 276 S.C. 229, 277 S.E. (2d) 595 (1981).

In *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed. (2d) 554 (1968), the United States Supreme Court addressed the issue whether a petitioner was "in custody" for habeas corpus proceedings when he filed his application while incarcerated, but was subsequently released prior to the hearing on his petition. The Court held the release of the petitioner prior to the completion of the proceedings does not defeat the claim. *See also Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed. (2d) 540 (1989) (habeas corpus petitioner must be in custody under the conviction under attack at the time his petition is filed). Here, petitioner filed his application for PCR prior to his release.[1] Therefore, the PCR judge erred in holding petitioner did not have standing and dismissing the petition.

Reversed.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

[1] We note the General Assembly recently enacted S.C. Code Ann. § 17-27-45(A) (Supp. 1995) which requires applications for PCR be filed within one year of entry of judgment or remittitur after appeal.