489 S.E.2d 915

**Kurtis Christopher JACKSON, Petitioner,**

**v.**

**The STATE of South Carolina, Respondent.**

**No. 24657.**

Supreme Court of South Carolina.

Submitted Feb. 20, 1997.

Decided July 28, 1997.

Rehearing Denied Sept. 4, 1997.

Assistant Appellate Defender Lesley M. Coggiola, of South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby and Assistant Attorney General Allen Bullard, Columbia, for respondent.

BURNETT, Justice:

This Court granted a writ of certiorari to review the dismissal of petitioner's post-conviction relief (PCR) application. The PCR judge determined petitioner lacked standing because he had never been incarcerated. We reverse and remand.

## FACTS

Petitioner was arrested in June 1991 for possession of marijuana. He was released on a personal recognizance bond. Petitioner was convicted and ordered to pay a fine or serve thirty days in jail. Petitioner paid the fine. He did not appeal his conviction or sentence.

Petitioner filed an application for post-conviction relief (PCR) in 1995, alleging he is entitled to appeal his conviction because the magistrate had informed him that he could not appeal and his due process rights were violated by the unfair trial. Further, petitioner alleged he is prejudiced by persistent effects of his conviction. After a hearing, the PCR judge granted respondent's motion to dismiss. The PCR judge found petitioner lacked standing to pursue his claim under South Carolina's Uniform Post–Conviction Procedure Act, S.C.Code Ann. §§ 17–27–10 to 17–27–120 (1976 & Supp.1996) (Act), because petitioner was not "in custody" and never served a prison sentence for his conviction.

## ISSUE

Did the lower court err in dismissing petitioner's application for PCR on the ground that petitioner had no standing to bring the action where the challenged conviction did not result in incarceration and where petitioner alleges he is suffering continuing effects from his conviction?

## DISCUSSION

Petitioner claims the PCR judge erred in dismissing his application for lack of standing because petitioner was not "in custody." We agree.

Under S.C.Code Ann. § 17–27–20(a), "[a]ny person who has been convicted of, or sentenced for, a crime . . ." may institute a PCR proceeding. The Act does not contain an express "in custody" requirement. Further, the Act does not expressly require the applicant to receive a sentence of imprisonment before bringing a PCR action.

Instead, the Act allows a person who has been convicted of or sentenced for a crime to file an action. Convict means "to prove a person guilty of a crime." *Webster's New World Dictionary* 311 (2d College ed. 1976). A sentence is defined as "the judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted." *Black's Law Dictionary* 1222 (5th ed. 1979). A sentence is not limited to a term of imprisonment; instead, it may be either a term in prison or a fine or both.

Until recently, our cases suggested a PCR applicant must meet the federal habeas corpus "in custody" requirement in order to have standing. *See Finklea v. State*, 273 S.C. 157, 255 S.E.2d 447 (1979). However, "[a] petitioner has standing to petition for PCR if he is in custody *or* the results of his prior conviction still persist." *Jones v. State*, 322 S.C. 101, 102, 470 S.E.2d 110, 110 (1996) (emphasis added); *see also McDuffie v. State*, 276 S.C. 229, 277 S.E.2d 595 (1981). Thus, an applicant, regardless of whether he served jail time, may bring a PCR action if he demonstrates he is prejudiced by persistent results of his conviction. *Jones, supra; McDuffie, supra.* Therefore, the trial court erred in holding petitioner must be in custody in order to have standing.

Because petitioner alleged in his application and during the hearing he was suffering continuing consequences as a result of his alleged invalid conviction, petitioner is entitled to an evidentiary hearing to prove whether these persistent

effects have prejudiced him.[1] *See McDuffie, supra* (where an applicant claims the conviction is invalid and alleges the results of his prior conviction still persist, even though the sentence has been fully served, he is entitled to an evidentiary hearing to determine whether he is prejudiced).[2] If petitioner

---

**1.** Petitioner alleged, as a result of his conviction, he has suffered the following consequences: (1) he was denied Section 8 housing; (2) this conviction may be used against him in a custody action; (3) this conviction can be used to enhance the sentence of a future drug conviction; (4) unbeknownst to petitioner, his license was suspended as a result of the conviction; and (5) thereafter, petitioner was charged with driving under suspension (DUS).

**2.** Other courts have found similar matters reviewable, notwithstanding the expiration of a criminal sentence, so long as the defendant suffers, or may suffer, collateral consequences resultant from the conviction. For example, the United States Supreme Court found that a case is not moot despite completion of the sentence where the conviction may be used for impeachment and sentencing purposes in future criminal proceedings. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The *Sibron* court specifically stated, "a criminal case is moot only if it is shown that there is no possibility that any legal consequences will be imposed on the basis of the challenged conviction." 392 U.S. at 57, 88 S.Ct. at 1900. *See also Street v. New York,* 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969) (case not moot where conviction may be used to rebut any character evidence adduced by defendant in future criminal proceedings, record of conviction would be made available to judge prior to imposition of any future criminal sentence, and defendant could possibly be sentenced in the future as a habitual criminal). A number of courts in other jurisdictions have reached similar results. *See e.g., Dancy v. United States,* 361 F.2d 75 (D.C.Cir.1965) (fact that defendant had served sentence did not render case moot since prior conviction could affect punishment should defendant entail another conviction); *Harrison v. Indiana,* 597 F.2d 115, 117 (7th Cir.1979) (where criminal conviction may result in an enhanced sentence should petitioner later be convicted of another crime, stake in relief permits court to exercise its judicial function after she has been freed). *See also Matthews v. State of Florida,* 463 F.2d 679, 681 (5th Cir.1972) (fact that defendant "lost points" on his driver's license, coupled with the "precarious position in which his driver's license had been placed," and "repercussions affecting his career and reputation" rendered defendant's case justiciable).

Although these cases generally involve situations in which the defendant has completed his sentence, and therefore speak in terms of mootness, it is well established that the mootness doctrine is a corollary of the principles embodied in the justiciability concepts of standing and ripeness. *See* 60 Notre Dame Law. 862, 936 (1985). *See also* 82 Yale L.J. 1363, 1384 (1973) (conceptualizing "mootness" as "the doctrine of standing set in a time frame."); 19 S.C. Jurisprudence, *Constitutional*

establishes continuing prejudice as a result of the challenged conviction, the PCR court shall proceed in accordance with section 17–27–10 *et seq.*

**REVERSED AND REMANDED.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

*Law,* § 6.1 (1994 Supp.) (concept of justiciability encompasses several doctrines, including ripeness, mootness, and standing).