# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Samuel Brown Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-002537

---

## ON WRIT OF CERTIORARI

---

Appeal from Berkeley County
Kristi Lea Harrington, Plea Court Judge
Jean Hoefer Toal, Post-Conviction Relief Judge

---

Opinion No. 27796
Submitted April 19, 2018 – Filed May 9, 2018

---

## REVERSED AND REMANDED

---

Appellate Defender Laura Ruth Baer, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Rasheeda Cleveland, both of Columbia, for Respondent.

---

**PER CURIAM:**  Samuel Brown Jr. filed a petition for a writ of certiorari seeking appellate review of an order granting summary judgment to the State in his application for post-conviction relief (PCR).  The PCR court dismissed the action on the ground Brown had completed serving his sentence and did not allege he was

suffering collateral consequences of the conviction. We grant the petition, dispense with briefing, reverse, and remand to the PCR court for a hearing on the merits.

Brown pled guilty to possession with intent to distribute marijuana (PWID) on May 20, 2014, and the court sentenced him to three years in prison. At the time of his plea, Brown was already serving a ten-year sentence for trafficking in cocaine. The PWID sentence began on June 25, 2013, due to credit for time served, and was imposed concurrent to the ten-year sentence. Brown did not appeal.

Brown filed an application for PCR on November 20, 2014. No hearing was held until September 16, 2016. By then, Brown had completed his PWID sentence,[1] although he remained incarcerated on the ten-year sentence. At the PCR hearing, the State made a motion for summary judgment, arguing Brown's claim was moot because he had already completed his PWID sentence. The PCR court granted the State's motion for summary judgment, and dismissed the PCR application. We find the circuit court erred.

Post-conviction relief is a statutory remedy in South Carolina. *See* S.C. Code Ann. §§ 17-27-10 to -160 (2014 & Supp. 2017) (Post-Conviction Procedure Act). Therefore, we begin our analysis with the text of the Act, which provides,

> Any person who has been convicted of, or sentenced for, a crime and who claims:
>> (1) That the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State;
>> . . . .
> may institute . . . a proceeding under this chapter to secure relief.

§17-27-20(A)(1).[2] Under the plain language of this subsection, Brown may prosecute his action seeking PCR. He has been convicted of a crime, and he claims

---

[1] The PCR court found the PWID sentence "was satisfied in full not later than June 26, 2016."

[2] The South Carolina Code contains a scrivener's error in the publication of subsection 17-27-20(A). In the text of Section 1 of the original 1969 Uniform Post-Conviction Relief Procedure Act—which became section 17-27-20 in the 1976 Code—subsection (A)(6) ends with the language ". . . available under any common

his conviction is invalid due to violations of his constitutional rights to effective counsel under the Sixth Amendment and due process under the Fourteenth Amendment. Under subsection 17-27-20(A)(1), it is not necessary that the PCR applicant demonstrate any collateral consequences to his conviction, even if he has completed serving his sentence.

In dismissing the application, the PCR court stated "this Court grants the State's motion for summary judgment because the applicant failed to demonstrate any prejudicial effects resulting from the collateral consequences of his conviction," citing *Jackson v. State*, 331 S.C. 486, 489 S.E.2d 915 (1997). The petitioner in *Jackson* had been convicted of possession of marijuana and given only a fine; he never went to jail. 331 S.C. at 488, 489 S.E.2d at 916. He later filed a PCR claim, and the State moved to dismiss. *Id.* The PCR court dismissed the claim, finding "petitioner lacked standing to pursue his claim under [the Post-Conviction Procedure Act] because petitioner was not 'in custody' and never served a prison sentence for his conviction." *Id.*

On appeal, we stated, "Until recently, our cases suggested a PCR applicant must meet the federal habeas corpus 'in custody' requirement in order to have standing." 331 S.C. at 489, 489 S.E.2d at 916. As an example of such a case, we cited *Finklea v. State*, 273 S.C. 157, 255 S.E.2d 447 (1979). The defendant in *Finklea* was convicted in absentia for two speeding violations, as a result of which he accumulated more than twelve points on his driver's license, which in turn required that his license be suspended. 273 S.C. at 157-58, 255 S.E.2d at 447. This Court found his claims were "not within the purview of the Act," stating, "There is a clear distinction between the termination of a driver's license arising out of a series of traffic violations and the loss of liberty or imprisonment, or threat thereof, envisioned by the Post-Conviction Procedure Act." 273 S.C. at 158, 255 S.E.2d at 447. We then cited several habeas corpus cases to support our ruling, invoking what the *Jackson* court later called the "in custody" requirement. 273 S.C. at 158-59, 255 S.E.2d at 447-48.

---

law, statutory or other writ, motion, petition, proceeding or remedy;" followed by a line break, with the language "may institute . . . a proceeding under this chapter to secure relief" on the next line, in the body of subsection (A). *See* Act No. 164, 1969 S.C. Acts 158-59. The Code Commissioner made the error in the 1970 Code supplement, in which the Act was first published as part of our Code. *See* S.C. Code Ann. § 17-601 (Supp. 1970). Thus, the language "may institute . . . a proceeding" applies to all six subsections of subsection 17-27-20(A).

It was this requirement we effectively overruled in *Jackson*, stating, "The Act does not contain an express 'in custody' requirement." 331 S.C. at 489, 489 S.E.2d at 916 (citing § 17-27-20(A)). The petitioner in *Jackson*, however, specifically "alleged he is prejudiced by persistent effects of his conviction." 331 S.C. at 488, 489 S.E.2d at 916. On the basis of that allegation, we held the petitioner was entitled to a hearing, and reversed. 331 S.C. at 489-90, 489 S.E.2d at 916. It was not necessary in *Jackson* for us to determine whether a PCR applicant can state a claim based solely on his conviction, with no allegation of any "persistent effects" or "collateral consequences."

In this case, however, the PCR court addressed the claim as one in which Brown did not allege he is suffering any persistent effects or collateral consequences of his conviction. This case, therefore, presents the question we were not required to address in *Jackson*. We now extend our holding in *Jackson* that the Act contains no "in custody" requirement, and we hold that in PCR cases brought under subsection 17-27-20(A)(1), the plain language of the Act requires only what the subsection clearly states,

> Any person who has been convicted of, or sentenced for, a crime and who claims: (1) That the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State . . . may institute . . . a proceeding under this chapter to secure relief.

Accordingly, the circuit court's decision to grant summary judgment is **REVERSED**. We **REMAND** the case to the PCR court for a hearing on the merits.

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**